## NIGHTINGALE v. SCANNELL et al.

When one partner sues for an injury to the partnership property, and makes his co-partner a defendant for want of his consent to join as plaintiff, the recovery must be entire for the whole injury.

The law will not tolerate a division of a joint right of action into several actions.

In such a case the partner recovering is liable to account to his co-partner defendant; and the latter being immediately interested in the event of the suit, is not, therefore, a competent witness for the plaintiff.

Quære—Whether such non-joinder of parties plaintiff is permissible.

APPEAL from the Superior Court of the City of San Francisco.

This was an action for alleged trespass, in seizing and converting certain goods belonging to a partnership whereof plaintiff was a member, and praying damages to the amount of plaintiff's interest therein. The action is brought against the sheriff of San Francisco county, who is alleged to have taken the goods by virtue of a writ, and the party at whose instance it was issued. Defendants demurred on the ground of defect of parties plaintiff, whereupon plaintiff filed an amended com-

plaint, in which the plaintiff's partner is also made party defendant on an alleged refusal to join as plaintiff in the action. Judgment was entered against him by default, the other defendants answering.

On the trial the plaintiff called his partner, McCombe, thus made a party defendant, as a witness.

The defendants objected to the witness as directly interested in the event of the action. The objection was overruled, and the witness was allowed to testify, under the exception of the defendant. A verdict was rendered in favor of plaintiff, and judgment entered accordingly. Defendants moved for a new trial, which was overruled, and defendants appealed.

*Williams, Shafter & Park* for Appellants.

McCombe was improperly admitted as a witness for the plaintiff. He would gain by the direct, legal operation of a judgment in favor of the plaintiff. (P. A., § 393.) Judgment for $10,000 is prayed against Scannell and Crowthers alone. The injury counted on is to joint business and property. And the verdict to be rendered should be commensurate with the conversion.

The position of McCombe, on the record, is explained, and nothing follows from it. An injury cannot be split because one refuses to join.

It is the policy of the law where a wrong has been done, to have the whole controversy concluded by a single proceeding. This is secured by making all persons parties who are interested in the question, and it is a matter of no practical moment whether they are on one side of the record or the other. Story Eq. Pl., § 72.

The judgment would be in favor of the plaintiff to be sure, (Sedg. 493,) but he would hold one-half of the avails of it in trust for McCombe. Johnson v. Tilden, 5 Vt., 426.

If McCombe could, as joint owner, be made a competent witness for his co-owner by being made defendant, no judgment being asked against him, the device might be resorted to in all like cases.

A refusal to sue, the statute does not contemplate, shall work a severance of the gravamen; for if it did, it would not require that the recusant should be made a party at all; the fact of its being required shows that there is a purpose to be accomplished by it; and what can that be but to have his interest represented so that it may be affected and bound by the judgment.

McCombe was not an "adverse party" within the meaning of the 393d section of the Practice Act.

One defendant may be a witness for or against another in equity, when his interest is not to be affected by his testimony. Wright v. Wright, 2 McCord Ch. Rep., 205.

In chancery a witness is not necessarily incompetent, because he is a party to the record. The injury is not so much whether the name of the witness appears upon the record, as whether he, in fact, is swearing to promote his own interest. Dyer v. Martin, 4 Scammon, 146.

Where the judgment debtors have a joint and common interest in

setting aside a judgment for usury, one of them cannot, by filing a bill in his own name, and making the other a defendant in the suit, call the latter to establish the charge of usury. Boughton *v.* Allen, 11 Paige, 321.

A party cannot, in general, be a witness, for or against, a co-party; but there are exceptions. A defendant in chancery may be a witness against a co-defendant where he is necessarily a party, but will not be affected by the decree against his co-defendant, and does not swear in favor of his own interest. Williams *v.* Beard, 3 Dana, 158.

*Hall McAllister* for Respondents.

The first exception of appellants is to the competency of McCombe as a witness for plaintiff.

Nightingale & McCombe owning as partners the goods, stock and business of the firm styled Gilbert & McCombe, were joint tenants thereof, without the *jus accrescendi.* Collyer Partnership, § 123.

The general rule is, that in actions for injuries to personal property, joint tenants and tenants in common must join as plaintiffs. 1 Chit. Pleading, 65.

At common law, their non-joinder could only be taken advantage of by a plea in abatement, and a failure to put in such plea was a waiver of the objection. 1 Chit. Pleading, 65; Addison *v.* Overead, 6 Term R., 766; Sedgworth *v.* Overead, 7 Term R., 279; Bradish *v.* Schenck, 8 John. R., 151; Pickering *v.* Pickering, 11 New Hamp., 144.

The same rule substantially prevails under our Practice Act. The objection is preliminary in its character. If apparent upon the face of the complaint, it must be taken advantage of by demurrer; if not apparent upon the complaint, it must be set up in the answer; otherwise the same rule as to waiver prevails, which existed at common law. Practice Act, §§ 40, 44, 45; Warner *et al. v.* Wilson, 4 Cal. R., 313; Rice *v.* Hallenbeck *et al.*, 19 Barbour R., 665, 666.

Neither at Common Law nor under our Practice Act, can the particular joint tenant, or tenant in common, suing, even though no objection to the non-joinder be interposed, recover more than his share of the damages; nor does the plaintiff in this case seek to recover more than his share.

There is no attempt to recover any damage outside of that suffered by the plaintiff individually.

The course of proceeding in this action has been as follows:

Nightingale brought suit against Scannell and Crowther.

Defendants demurred on the ground, among others, of defect of parties plaintiff.

Thereafter, an amended complaint was filed, making McCombe a party defendant, and alleging as a reason, that he "refused to be made a party plaintiff." This was done in accordance with section 14th of the Practice Act.

To this amended complaint, defendants Scannell and Crowther did

not demur, but answered. McCombe interposed no answer, and his default was duly taken.

McCombe being properly a party defendant, and having no interest in the result of the action, was a competent witnesss. Practice Act, § 393.

McCombe can neither gain nor lose by the direct legal operation and effect of the judgment in this action; neither will the record of this judgment be legal evidence for or against him in any other action. According to the true test laid down in the Practice Act, he is perfectly competent.

The three hundred and ninety-third section of the Practice Act allows "the adverse party" to be called as a witness, "or a person whose interest is adverse."

It does not say that the adverse party must also be a person whose interest is adverse, but it provides for two classes of witnesses; First, adverse parties; second, persons whose interest is adverse.

A departure from the general rules laid down in sections 393 and 418 of the Practice Act would create confusion and uncertainty; and to hold McCombe an incompetent witness, would be a direct violation of those sections.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Justice TERRY concurred.

Where one partner sues for an injury to the partnership property, and makes his co-partner a defendant for the want of his consent to join as plaintiff, the recovery must be entire for the whole injury.

The law will not tolerate the division of a joint right of action into several actions; the whole cause of action must be determined in one, and thus avoid a multiplicity of suits.

In such case, the partner recovering is liable to account to his co-partner defendant, and the latter is interested immediately in the event of the suit, and is not therefore a competent witness for the plaintiff.

Whether such a non-joinder of the plaintiffs is within the spirit and meaning of the statute so as to be permitted, we do not mean here to decide, as the question is not raised.

Judgment reversed, and cause remanded.