(Supreme Court, Special Term, Kings County. December, 1900.)

1. LIBEL—CONTAGIOUS DISEASE.

In an action for falsely publishing that defendant had the leprosy, the contention that science has established that the disease is not contagious, but only hereditary, is no defense; the term remaining libelous, since it tends to cause one to be shunned and excluded from society, even conceding that it is not a contagious disease.

2. SAME—PLEADING.

A failure to allege that leprosy is contagious is not a ground for demurrer.

Action for libel by Louis F. Simpson against the Press Publishing Company, in publishing that plaintiff has the disease of leprosy. Demurrer to complaint for insufficiency of facts. Overruled.

67 N.Y.S.—26

Ayres & Walker, for plaintiff.
Bowers & Sands, for defendant.

GAYNOR, J.   To falsely say of one that he has leprosy is slander. Williams v. Holdredge, 22 Barb. 396; Odgers, Lib. & Sland. 63. Hence, to publish it by writing is a libel. It was slander because leprosy was taken to be an infectious or contagious disease tending to cause one afflicted with it to be shunned or excluded from society; and that was and is part of the definition of slander. Id. 53. The defendant contends that it is now scientifically established that leprosy is not infectious or contagious, but only hereditary, and that therefore it is no longer within the definition of slander. When an indictable crime ceases to be such it is no longer slander to charge one with it. When the penal statutes against Catholics and witchcraft existed in England it was slander to say of one that he was a papist, or went to mass, or that he was a witch, or used witchcraft. Walden v. Mitchell, 2 Vent. 265; Smith v. Flynt, Cro. Jac. 300; Rogers v. Gravat, Cro. Eliz. 571; Dacy v. Clinch, 1 Sid. 53. But I do not think it is a parallel case if the progress of science has revealed that leprosy was erroneously classed as infectious or contagious. It remains a term of slander until the law is changed. To say of one that he went to mass or practiced witchcraft might still be slander if the law had not been changed, even though the progress of enlightenment had revealed to most people that to hear mass was not bad, or that there was no such thing as a witch. Besides, the bane in the charge of leprosy which made the courts classify it as slanderous was its tendency to cause one to be shunned and excluded from society, and that still exists. Every disease that is infectious or contagious is not embraced within the definition of slander. Odgers, Lib. & Sland. 63. Moreover, we have to do here not with a charge of slander but with one of libel; and the definition of libel is much broader than that of slander. Every slander is a libel if published by writing, but there are many libels which are not slander. Any false publication by writing which exposes one to ridicule, hatred, contempt or obloquy, or causes him to be shunned or avoided, is a libel per se, though if spoken it may be no slander. The definition of slander per se is not general, like that of libel, but is restricted and specific. To falsely charge one in writing with having any repulsive disease or condition which would necessarily cause him to be shunned or avoided would be a libel, but it would not be a slander if spoken unless it was of one of the diseases embraced within the definition of slander.

The point that the complaint is insufficient for not stating that leprosy is contagious or infectious is not well taken. Such an allegation is neither usual nor necessary, any more than to formally plead that to steal is a crime. The court takes notice of what words constitute slander per se, and no allegation on that head could enlarge the definition of slander.

The demurrer is overruled.