ter of the agreement is complied with, and, the plaintiffs being in default, the right accrued to defendants to complete the work and hold plaintiffs for the necessary outlay. Fox v. Clark (Sup.) 60 N. Y. Supp. 237. Complaint dismissed, with costs, and judgment for defendants on their counterclaim in accordance with the above.

Complaint dismissed, with costs, and judgment for defendants on their counterclaim.

(37 Misc. Rep. 254.)

RADE v. PRESS PUB. CO.

(Supreme Court, Trial Term, Kings County. February, 1902.)

1. LIBEL—WHAT CONSTITUTES.

It is not libelous per se to say of a person that he has consumption or that he once had it.

2. SAME—SPECIAL DAMAGE.

An allegation that his friends avoid him, and that the young lady with whom he kept company avoids him, is no allegation of special damage by the loss of marriage.

Action by Anthony Rade against the Press Publishing Company for libel. Complaint dismissed, and motion for new trial. Denied.

A complaint alleged that defendant published of plaintiff that he had suffered from consumption, but had been cured by a certain lung-cure establishment named; that he jumped in the water from a burning steamship, and that thereafter he immediately went to the establishment to take the preventive treatment, and after 10 days his lungs were again pronounced sound.

The allegation of damage is that "by reason of all of which the plaintiff has been held up to the public as a sufferer from said disease, that his friends avoid him, that he is unable to secure the position which he formerly had, that the young lady with whom he kept company avoids him, and that all the ladies upon whom the plaintiff called avoid him, and that it has caused him to be shunned by his associates, patrons, and other good and worthy citizens," to his damage $20,000.

T. J. O'Neill, for plaintiff.
I. Townsend Burden, Jr., for defendant.

GAYNOR, J. That which is a slander if spoken is a libel if written or printed; but to say of one that he has consumption is no slander. Odgers, Lib. & Sland. 63.

But the definition of libel embraces not only all slanders if written or printed, but much else. Any written or printed words which (1) expose one to hatred, contempt, ridicule or obloquy, or (2) which tend to injure him in his profession or trade, or (3) cause him to be shunned or avoided by his neighbors, is a libel per se. Odgers, Lib. & Sland. 21; Simpson v. Pub. Co., 33 Misc. Rep. 228, 67 N. Y. Supp. 401.

This definition does not embrace the printed words complained of here. The law does not recognize it to be a fact, that to say of one that he has consumption causes him to be shunned or avoided; and there is no other part of the definition applicable.

It follows that unless the complaint alleges special damage no cause of action is alleged. In the case of words not libelous per se, the law presumes that they do no damage. This presumption may

be rebutted by pleading and proving what is called "special damage." Such damage consists of particular items of damage, and they have to be particularly and precisely pleaded. The allegation here "that his friends avoid him, that he is unable to secure the position he formerly had, that the young lady with whom he kept company avoids him, and that all the ladies upon whom the plaintiff called avoid him, and that it has caused him to be shunned by his associates, patrons and other good and worthy citizens," is only an allegation of general damage; it sets out no particular item of damage, i. e., no loss of a particular employment, customer, contract, bargain, etc. Such damage has to be particularly alleged, giving names, dates and particulars, and is the gist of the action. In the absence of such an allegation of particular items no cause of action is alleged. Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278. The allegation "that the young lady with whom he kept company avoids him," is no allegation of special damage by the loss of marriage. To be sufficient the name of the woman and all of the particulars showing the loss of her in marriage by reason of the published words would have to be alleged; but here not only are the name and particulars not given, but there is not even any allegation that there existed any contract, purpose or intention of marriage.

Finally, the words complained of are not that the plaintiff "has" consumption, but that he "had" it and was cured. This allegation in the past tense would not suffice even if it were a libel per se to print of one that he has consumption. Odgers, Lib. & Sland. 63.

The motion is denied.