(99 App. Div. 367)

### KIRMAN v. SUN PRINTING & PUBLISHING CO.

(Supreme Court, Appellate Division, First Department.   December 23, 1904.)

1. LIBEL—NEWSPAPER ARTICLES.

> Defendant published an article which was wholly false, referring to an alleged intended marriage between plaintiff and G., and stated that, all preparations having been made, and the guests having assembled in a hall, the bridegroom failed to appear, whereupon plaintiff fell to the floor with a scream, and the guests made a rush for the tables, which the waiters, by virtue of their training, cleared in "double-quick time," and thereby saved the same.  Held, that such article was libelous per se.
>
> Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Tillie Kirman against Sun Printing & Publishing Company.   From a judgment sustaining a demurrer to plaintiff's amended complaint, she appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Anton Gronich, for appellant.
Franklin Bartlett, for respondent

PATTERSON, J.   This is an action for libel.   Final judgment was entered in favor of defendant on demurrer to an amended complaint.   The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action.   The argument in favor of the demurrer is that the words published of and concerning the plaintiff are not libelous per se, and that there is no sufficient allegation of special damage to permit of the maintenance of the action.   The article refers to an alleged intended marriage

between the plaintiff and one Goldberg, which marriage was to have been celebrated on ,a certain day at a hall, and proceeds to state that the preparations had all been made, and a rabbi was in attendance, and that the plaintiff, with her bridesmaids, appeared, but the bridegroom did not appear; that the tables were spread, and the orchestra began to play, and the guests enjoyed themselves by dancing while they waited for the arrival of the bridegroom; that the plaintiff waited an hour for the bridegroom, and then she became suspicious, and was told that Goldberg could not be found; she gave a scream, and fell to the floor, and was taken home in a coach; that the guests made a rush for the tables, but the waiters cleared them "in double-quick time," and the proprietor of the hall saved the provisions, and declared that he lost "twenty chickens, twenty geese, and a whole lot of other stuff"; that there was a riot there, but the waiters were trained, and saved the tables. The charge in the complaint is that the whole of this article is false, which includes the necessary inference that the plaintiff was not engaged to Goldberg, that she never attended at the hall to be married to him, and that no such occurrences as those stated in the article took place with reference to her. She has been held out to the public as being the central figure or heroine, so to speak, of what is asserted to be an absolutely fictitious and absurd story. The article necessarily tends to her disparagement, and it holds her up to ridicule by making her the prominent figure in a purely fictitious narrative, and she avers in her complaint that in consequence of its publication she has been shunned by her acquaintances. But, apart from any question of special damages, the article is libelous per se. The cast of the article presents a ridiculous set of circumstances, and the plaintiff is made the central figure of the whole story.

The judgment should be reversed, with costs, and the demurrer overruled, with costs, with liberty to the defendant to withdraw demurrer and to answer within 20 days on payment of costs in this court and in the court below.

VAN BRUNT, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. INGRAHAM, J., dissents.