# THE

# NEW YORK SUPPLEMENT

## VOLUME 132

---

COHEN v. NEW YORK TIMES CO.

(Supreme Court, Special Term, Kings County. December 7, 1911.)

LIBEL AND SLANDER (§ 16*)—LIBELOUS WORDS PER SE—"LIBEL."

It is libelous per se to publish of a living person that he is dead, because exposing him to ridicule; a libel being a malicious publication tending to expose one to public hatred, contempt, or ridicule.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 5, pp. 4116–4125.]

Action by Zealey Cohen, by Siegfried G. Gilbert, as guardian ad litem, against the New York Times Company. Demurrer to complaint overruled.

John J. Haggerty (Meir Steinbrink, of counsel), for plaintiff.

Leventritt, Cook, & Nathan (Alfred A. Cook and Emil Goldmark, of counsel), for defendant.

CRANE, J. The defendant published of the plaintiff, a living person, that he was dead, and this action has been brought upon the assumption that such a false article is libelous per se.

The demurrer interposed to the complaint challenges this assumption; the defendant claiming that, even if such a false notice to the public might subject the plaintiff to ridicule, yet, as death is common to all and is no disgrace, the mistake could in no way affect his character and reputation, and therefore could not be libelous without proof and allegation of special damage. In other words, it is the defendant's contention that ridicule not amounting to an attack upon character, reputation, or business is not a libel. With this assertion I cannot agree. "Ridicule," "contempt," "odium," and "hatred" are not synonymous, and there are statements which have the direct effect of causing one to be ridiculed, made fun of, or derided by the public or his acquaintances, although they do not bring upon him odium or hatred or asperse his character, and which are nevertheless libelous. A "libel" has been defined by innumerable cases collected in 25 Cyc. as "a malicious publication, tending to expose one to public hatred, contempt, or ridicule." Scandalous matter is not neces-

sary to make a libel. It is enough if the defendant induce a bad opinion to be had of the plaintiff, or make him contemptible or ridiculous. White v. Nicholls, 3 How. 266, 11 L. Ed. 591. To allow the press to be the vehicle of malicious ridicule of private character would soon deprave the moral taste of the community, and render the state of society miserable and barbarous. Cooper v. Greeley, 1 Denio, 359. To say falsely that one has met with poverty or wealth is not to reflect upon character or reputation, unless money be the measure of merit, which we know it is not, and yet these statements may be so made as to be libelous.

In Moffatt v. Cauldwell, 3 Hun, 26, we find it stated:

"Mere poverty ought not to expose any citizen to ridicule. But the proposition that ridicule is a non sequitur from such an imputation is not universally true. One may be so circumstanced and the fact of his alleged misery so put as to excite ridicule, and nothing else. Neither is wealth a crime. Yet a poor man may be held up to ridicule by a false and malicious account of his sudden, though perfectly honest, acquisition of fortune. * * * The inquiry is, then, into the natural effect of the publication, not only upon the general public, but upon the neighbors and friends of the person aimed at." Cited, also, in Battersby v. Collier, 24 App. Div. 89, 48 N. Y. Supp. 976.

Where a college professor was the subject of a sportive article on his struggles with poverty, it was claimed that, as poverty was no disgrace, the ridicule was not actionable, but the court said:

"If the tendency of a written or published article is to disgrace the plaintiff or bring him into ridicule or contempt, it is libelous per se."

And it was held that the statements regarding this professor's poverty—

"hold him up before the public as ridiculous and tends to abridge his comfort by exposing him to ridicule; their tendency is to alter his station in society for the worse." Martin v. Press Pub. Co., 93 App. Div. 531, 87 N. Y. Supp. 859.

The case of Kirman v. Sun Printing & Publishing Co., 99 App. Div. 367, 91 N. Y. Supp. 193, passed upon the publication of preparation for a marriage celebration which did not take place because of the groom's absence. The opinion referred to the article as follows:

"She (the bride-to-be) has been held out to the public as being the central figure or heroine, so to speak, of what is asserted to be an absolutely fictitious and absurd story. The article necessarily tends to her disparagement, and it holds her up to ridicule by making her the prominent figure in a pure fictitious narrative. The cast of the article presents a ridiculous set of circumstances."

In no one of the three cases above cited was the publication any reflection upon the reputation or character of the plaintiff; reputation was affected, if at all, only by the person being the object of a ridiculous story, perfectly consistent with honesty, integrity, and uprightness. "The principle," it is said in Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725, "upon which the rule of legal liability for damage rests is that no man possesses the right to lessen the comforts or enjoyment of another, and that, when he does so deliberately, wantonly, and maliciously, it is prima facie evidence of malice, and he is bound to make compensation for the mischief occasioned."

To be the butt of a false story holding one up for public amusement and jibes is to lessen the comforts and enjoyments to which that person is entitled. Thus it was held in the famous case of Cook v. Ward, 4 Moore & Payne, 99, 6 Bing. Rep. 409, that to state that the plaintiff had been mistaken for the hangman was libelous, even though the plaintiff had previously related the joke about himself. Every joke which a man may be willing to relate about himself for the amusement of his acquaintances does not justify another in printing it. To publish of a living person that he is dead is not that sportive and thoughtless ridicule mentioned in Lamberti v. Sun Printing & Publishing Ass'n, 111 App. Div. 437, 97 N. Y. Supp. 694. It will be noticed that the opinion in that case is very guarded in saying that:

"Sportive and thoughtless ridicule that may beget laughter, that leaves the temporary victim unaffected in his reputation and his business is not necessarily libelous."

Unless there be a dispute as to the facts, the words are either libelous or not libelous, being a question of law for the court. Woodruff v. Bradstreet Co., 116 N. Y. 217, 22 N. E. 354, 5 L. R. A. 555. An amusing incident may be so harmless that the courts can easily determine that no injury has been done the person who may be the subject of it, but yet no one can be held up in a false print for the public amusement to his annoyance and embarrassment without having an action for libel, even though the damage be slight. The ridicule in such a case is not sportive but libelous. The contempt implied in the ridicule the law does not strain to define or separate.

Careful search has failed to disclose any case in this state exactly in point, or holding it to be libel to falsely publish one's death. The nearest approach to it is Cady v. Brooklyn Union Publishing Co., 23 Misc. Rep. 409, 51 N. Y. Supp. 198. Here was published of a practicing dentist that he had committed suicide. This was held to be a libel and the case of McBride v. Ellis, 9 Rich. (S. C.) 313, is cited. This latter case is in point as the publication was of the plaintiff's death, and it was held to be libelous per se as it exposed him to ridicule. Both Newell on Libel and Slander, p. 48 (2d Ed.) and Odgers on Libel and Slander, p. 17, give this case as an authority. Certainly, in view of the revelations made by science and the medical profession together with the regulations now imposed upon the sufferer, the case of Rade v. Press Publishing Co., 37 Misc. Rep. 254, 75 N. Y. Supp. 298, holding that it is no libel to publish of a person that he has consumption, cannot be considered the law.

The demurrer interposed herein is overruled, with costs.