[S. F. No. 7561.    Department Two.—February 21, 1918.]

## CARRIE L. LEWIS, Respondent, v. E. A. HAYES et al., Defendants; MERCURY PUBLISHING COMPANY (a Corporation), Appellant.

LIBEL—SPECIAL DAMAGE TO COPARTNERSHIP BUSINESS—ACTION BY INDI-
VIDUAL PARTNER—WITHDRAWING ISSUE FROM JURY.—Where, on the
trial of an action for damages for libel in which special damages
were claimed for injury to the plaintiff's business, it appeared that
the business was owned by a copartnership, the plaintiff being only
one of the partners, the denial by the court of a motion by the
defendant to withdraw from the jury the issue as to special damages
was error.

ID.—PARTNERSHIP—RIGHT OF ACTION OF INDIVIDUAL PARTNER.—Where a
libelous article concerns both a partnership and its members indi-
vidually, each partner may sue separately for his individual dam-
ages, but not for damages to the copartnership business.

ID.—JOINT RIGHT OF ACTION INDIVISIBLE.—The law will not tolerate a
division of a joint right of action into several actions.

ID.—LEPROSY CHARGED—PUBLICATION NOT PRIVILEGED—INSTRUCTIONS.—
In an action for damages for libel for the publication by a news-
paper of an article stating that the plaintiff was afflicted with
leprosy, where there was no evidence upon which the jury could have
found the article to be a privileged publication, an instruction that
as a matter of law the publication of the article was not privileged,
could not in any event be deemed prejudicial.

ID.—INSTRUCTION RESPECTING DAMAGES.—An instruction in such case to
the effect that the publication complained of was, as matter of law,
libelous *per se,* and that upon proof of its falsity the plaintiff was
entitled to at least nominal damages, and that the jury were the
sole judges of the degree or extent to which the publication was
defamatory or to which it exposed the plaintiff to obloquy, or
caused her to be shunned, did not objectionably charge the jury upon
matters of fact.

ID.—INSTRUCTION DEFINING "OBLOQUY."—An instruction in such case
defining "obloquy" as "blame, reprehension, a cause of disgrace or
reproach," is supported by standard dictionaries and constitutes no
cause for complaint.

ID.—GENERAL AND SPECIAL DAMAGES—STRIKING OUT SPECIAL DAMAGES.
Where, in such action, the jury, by its verdict, awarded the plaintiff
$2,750 as general damage and the additional sum of one thousand
dollars for special damage to a business, in which the evidence

showed the plaintiff's interest was that of a partner only, the judgment to the extent of the special damage was erroneous, and should be modified by deducting the amount of such special damage.

APPEAL from a judgment of the Superior Court of Santa Clara County.    J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Nicholas Bowden, for Appellant.

Louis Oneal, and Owen D. Richardson, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Action to recover both general and special damages for a libel published by defendant and appellant of and concerning plaintiff.

Judgment went for plaintiff, from which, and an order denying defendant's motion for a new trial, defendant appeals.

The case was here on a former appeal (*Lewis* v. *Hayes,* 165 Cal. 527, [Ann. Cas. 1914D, 148, 132 Pac. 122]), to the opinion in which reference is made for a full statement of the facts involved.

The claim for special damages as set out in the complaint was based upon the fact that at the time in question plaintiff was engaged in keeping a rooming-house and also conducted a dancing school, the revenues from both of which ventures were impaired.    The jury by special verdict fixed plaintiff's damage for loss to the rooming-house business as three hundred dollars, and that for loss to the business of the dancing school at seven hundred dollars.    The errors complained of relate chiefly to rulings of the court touching these special damages.

In the course of the trial it was for the first time made to conclusively appear that plaintiff's sister was a partner with her in conducting both the rooming-house and dancing school.    Appellant insists that, since the loss was sustained by the copartnership, plaintiff alone could not maintain the action for the recovery of special damage suffered by her as a member thereof, and, hence, it is claimed the court erred in denying defendant's motion, seasonably made at the close of the evidence, to withdraw from the jury the issue as to special damages.

This contention must be sustained. Any actual loss to plaintiff measurable in money was the result of damage to the copartnership business in which she and her sister Helen were jointly interested. Her special damage, as appeared from her testimony, was based solely and alone upon the damage to the business of the firm of which she was a member. If its business was damaged by any wrongful act of defendant, then, under section 382 of the Code of Civil Procedure, the partners jointly interested therein should be joined as plaintiffs in an action where recovery may be had for the whole injury to the copartnership business. The law will not tolerate a division of a joint right of action into several actions. (*Nightingale* v. *Scannell,* 6 Cal. 506, [65 Am. Dec. 525]; *Hughes* v. *Boring,* 16 Cal. 81.) In volume 18, American and English Encyclopedia of Law, page 1055, the author says: "It is not, however, necessary that partners against or concerning whom words actionable *per se* have been uttered or published, should join in seeking their remedy, for one partner may in a separate suit recover whatever damages have been caused to him by the libel or slander, but *he cannot recover for any special damage which has resulted to the firm as such."* (Italics ours.) (See, also, *Robinson* v. *Merchant,* 7 Q. B. 918; *Havemeyer* v. *Fuller,* 60 How. Pr. (N. Y.) 316.) Respondent, in support of the action of the court, has cited a number of cases, among them, *Rosenwald* v. *Hammerstein,* 12 Daly (N. Y.), 377; *Constitution Pub. Co.* v. *Way,* 94 Ga. 120, [21 S. E. 139]. None of them, however, are applicable to the facts here presented, but are to the effect that where the libelous article concerns both a partnership and its members individually, such individuals may sue separately for their individual damages, but, as said in *Collier* v. *Postum Cereal Co., Ltd.,* 150 App. Div. 169, [134 N. Y. Supp. 847], "they do not hold that each may recover in a separate suit the damages caused to him as a member of the firm," which is precisely what plaintiff is seeking to do in this action. It would seem clear that if the recovery sought by the individual partner was for special damage only arising from loss to the business, he could not maintain such action, since he would not be affected as an individual. Neither, where partners sue jointly for damages to the firm business, could they recover general damages sustained by each as individual members of the firm. As said in the case

last cited, ''We think that the converse of that proposition holds good and that the true rule is that the damages to the copartnership must be recovered by the partners jointly, and that damages to the partners individually must be recovered by the partners separately; otherwise it would be necessary to have a partnership accounting in a libel suit, and we can perceive no reason for making a distinction as far as the point under consideration is concerned, between actions for libel and those for other torts, or even for breach of contract.''

Our conclusion is that the court erred in not granting defendant's motion to withdraw from the jury all consideration of the question relating to special damages. Under her own testimony, plaintiff was not entitled to recover such damage, and the jury should have been instructed accordingly. This view renders it unnecessary to discuss other alleged errors touching the subject of such damage.

Appellant complains of instruction No. 5, wherein the court charged the jury that as a matter of law the publication of the article was not privileged. The evidence touching the character of the article is substantially the same as that offered on the former trial. On appeal from the judgment therein defendant insisted that the publication of the article was privileged within the meaning of subdivision 4 of section 47 of the Civil Code. It was there said: ''The article nowhere purports to be a report of any public official proceeding, or of anything said in the course thereof, nor was it, in fact, such a report.'' There was no evidence upon which the jury could have found the article to be a privileged publication, and, hence, in no event could the instruction be deemed prejudicial. The court instructed the jury that the publication complained of was, as a matter of law, libelous *per se,* and that upon proof of the falsity plaintiff was entitled to recover at least nominal damages, but that ''you however, are the sole judges as to the degree or extent to which the publication complained of was, and is, defamatory, or to which it exposed plaintiff to obloquy or caused her to be shunned or avoided.'' Objection is made to that part of the instruction inclosed in quotation marks, the ground therefor being that the jury was charged upon matters of fact. The article was, as stated, actionable *per se* (*Simpson* v. *Press Pub. Co.,* 33 Misc. Rep. 228, [67 N. Y. Supp. 401]).

Plaintiff was entitled to at least nominal damages. The amount of damage, however, which she was entitled to depended upon the extent of the defamation and exposure to obloquy. Very properly this question was submitted to the jury without expression other than that as implied by the statement that it was libelous *per se*. Defendant's requested instruction that "the word 'obloquy' is defined as blame, reprehension" was by the court modified by adding thereto the words "a cause of disgrace or reproach." The definition in substantial form so given by the court was approved in *Bittner* v. *Holt*, 70 Cal. 270, [11 Pac. 713], and finds support in the standard dictionaries, and, hence, constitutes no cause for complaint.

In so far as the trial and proceedings relate to the subject of plaintiff's general damage, which, as found by the jury, was $2,750, the record discloses no prejudicial error. As heretofore stated, however, the court erred in not granting defendant's motion to withdraw from the jury all consideration of the question of special damage arising out of the injury to the partnership business of plaintiff and her sister and on account of which claim for special damage the jury awarded her one thousand dollars. To this extent the judgment is erroneous.

Therefore, it is ordered that the judgment herein be modified by deducting therefrom as of the date of the entry thereof the sum of one thousand dollars, and, as thus modified, the same, and the order appealed from, are affirmed.

Melvin, J., and Wilbur, J., concurred.

Hearing in Bank denied.