Domenic DE FRANCO et al.,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 13706.

United States District Court
S. D. California, Central Division.

Sept. 9, 1955.

Baird & Cruikshank, by Thomas A. Baird, and Alva C. Baird, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., by Robert H. Wyshak, Asst. U. S. Atty., Sidney J. Machtinger, Special Atty., Internal Revenue Service, Los Angeles, Cal., for defendant.

JAMES M. CARTER, District Judge.

The question presented is whether the plaintiff may further amend complaint brought upon a partnership claim to join the remaining partners as parties plaintiff, after the period of the statute of limitations has run for the filing of a new cause of action. The action is for a refund of taxes paid to or collected by

the United States, and for which a claim for refund was made within the statutory period, and arises under the Internal Revenue Code of 1939, Act Feb. 10, 1939, c. 2, 53 Stat. 465, as amended, 26 U.S.C.A. §§ 1430 and 3772.

From 1939 to June 1945, Domenic De Franco was a member of a partnership composed of himself and two sons, doing business as The New England Tomato Co. On July 1, 1945, the three partners brought into the firm a third son of De Franco, and continued to operate under the same name until June of 1947. The period here in issue is from January 1, 1943 through the quarter ending March 31, 1947.

In May of 1947, assessments were made by the Internal Revenue Service of withholding taxes which the Service asserted the partnerships failed to deduct and withhold from the wages of their employees. On May 29, 1950, a claim for refund was filed in the name of Domenic De Franco, doing business as New England Tomato Co., for taxes paid covering the years 1943, 1944 and 1945. On the same date claims for refund were also filed in the name of all the partners doing business as The New England Tomato Co., for taxes paid from October 1, 1945 to December 31, 1945, for the year 1946, and first quarter of 1947.[1]

On January 10, 1951, these claims were disallowed by the Service and notice of the disallowance was given to the "New England Tomato Co."

On December 22, 1951, Domenic De Franco filed suit for refund in the District Court on all the claims. He alleged he brought the action individually and as a member of the partnership, New England Tomato Co., and named the other partners. Defendant, United States, filed its answer on May 1, 1952, alleging as an affirmative defense that plaintiff was not proper party plaintiff. In March of 1954 [2] the court granted the plaintiff leave to file an amended complaint to bring before the court the partners of The New England Tomato Co. The statutory period to file an original action for tax refund having expired on January 10, 1953, the court reserved defendant's right to object to the amendment and any future amendment. The plaintiff thereafter brought in the remaining partners as parties defendant; but in a later amendment, now before the court the partners were added as parties plaintiff.

It is one of the government's contentions that the original plaintiff, Domenic De Franco, had no legal capacity to institute the suit; that being without capacity to sue, no cause of action was pending, and that therefore no amendment could be made adding parties in whose favor the cause of action existed, after the running of the statute of limitations. Defendant argues that: Federal Rule 17(b) of Fed.Rules Civ.Proc. Title 28 U.S.C.A. is applicable, which provides that, "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. * * * In all other cases capacity to sue or be sued shall be determined by the law of the state in which

---

1. Thus, for the quarter of October 1, 1945, to December 31, 1945, two claims are involved.

2. The statute of limitations ran January 10, 1953. It was not until November 2, 1953 that present counsel were substituted in the case. Plaintiff's original counsel became ill, and died February 1, 1953.
The problem is further complicated by the fact, and in other tax proceedings the United States had been consistently contending that Domenic De Franco,

the original plaintiff herein, had at all times been operating the business known as New England Tomato Co., as an individual. But on December 19, 1950, the Tax Court of the United States held that "Respondent erred in not recognizing that Petitioner, Domenic De Franco, and his sons have continuously operated a bona fide partnership from December 13, 1939 throughout the taxable year 1946." [Domenic De Franco v. C. I. R. No. 50,-311—PH. Tax Court memo.]

the District court is held * * *"; that Section 382 of the California Code of Civil Procedure and the case of Lewis v. Hayes, 177 Cal. 587, 171 P. 293, requires the joinder of partners as parties plaintiff on a partnership claim; and therefore there was no cause before the court until the filing of the amended complaint.

The court, in the case of Lewis v. Hayes, supra, held the partners must be joined; and that plaintiff-partner could not recover in a separate suit, *damages caused to her as a member of a partnership* as plaintiff was seeking to do in that case. Lewis v. Hayes, supra, is not the law in California. It is generally true that severance of a joint obligation should not be permitted. Liability if any should be determined in one suit. In view of the fiduciary relationship of partners, however, one partner should be allowed to recover the partnership claim in full. As early as 1895, in the case of Williams v. Southern Pac. R. Co., 110 Cal. 457, 42 P. 974, 975, the Court stated that "the interest of a single partner extends to the entire demand; that, as payment to him would discharge defendant's liability to the firm, a recovery of the whole in the action by him has the like effect", and in view of the legislation in California, C.C.P. Secs. 382, 430, 433, 434, an objection to non-joinder of partners is waived if not raised by answer or demurrer. See Ah Tong v. Earle Fruit Co., 1896, 112 Cal. 679, 45 P. 7; Russ v. Tuttle, 1910, 158 Cal. 226, 110 P. 813; Chan Yo Chow v. Tim Sing 1927, 87 Cal.App. 278, 261 P. 1039; Jonas v. Amer. Grinder Mfg. Co., 1930, 104 Cal. App. 24, 285 P. 371; Sime v. Malouf, 1949, 95 Cal.App.2d 82, 212 P.2d 946, 213 P.2d 788.

Although the law of California permits a partner to recover the part-

nership claim in full, such holdings do not resolve any question of capacity, but rather the question of the court's exercise of jurisdiction, i. e. whether partners are or are not indispensable parties. "Capacity" raises only the question of whether the plaintiff is free from general disability such as infancy, insanity or some other form of incompetency, or if he sues in a representative capacity, whether he actually possesses the character in which he sues. Magee v. Mc-Nany, D.C.Pa.1950, 10 F.R.D. 5. Consequently Rule 17 is not in issue. Nor would incapacity preclude one from possessing a cause of action. "Cause of action" and "capacity to sue" are different concepts. "Capacity to sue", as stated, is plaintiff's personal right to come into court; his "cause of action" is his right to relief under the facts. Magee v. McNany, supra; United States v. Association of Amer. R. R., D.C.Neb.1945, 4 F.R.D. 510.

The pivotal question urged by the United States is therefore whether or not the amendment to plaintiff's complaint in fact sets up a new and distinct cause of action, thus barred by the Statute of Limitations.

The general purpose of the Federal Rules of Civil Procedure is to see that actions are tried on the merits, and to dispense with technical procedural problems. To fall back on a technicality and refuse to permit a case to come to issue on the merits is to sap the very heart out of the rules and to obviate the very purpose for which they are intended.[3] In giving effect to this purpose, amendments pursuant to Rule 15, of Fed Rules Civ.Proc., Title 28 U.S. C.A. should be freely allowed avoiding delay or complete frustration of a determination of the case on the merits. Rule 15 provides and, placing substance over form, the courts have with increasing

---

**3.** "It does no good to have liberalizing rules * * * if, after they are written, their arteries are hardened by this Court's resort to ancient common-law concepts." Justice Black dissenting in Ackerman v. United States, 1950, 340 U.S. 193, 205, 71 S.Ct. 209, 215, 95 L.Ed. 207.

liberality allowed amendments to the pleadings when justice so requires. New York Central & H. R. R. Co. v. Kinney, 1922, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; United States v. Koike, 9 Cir., 1947, 164 F.2d 155; Commonwealth Trust Co. of Pittsburgh v. United States, D.C.Pa.1951, 96 F.Supp. 712; Sechrist v. Palshook, D.C.Pa.1951, 97 F.Supp. 505; Porter v. Theo J. Ely Mfg. Co., D.C.Pa.1946, 5 F.R.D. 317; Armani v. Crucible Steel Co. of America, D.C. N.Y.1947, 7 F.R.D. 344; International Ladies Garment W. U. v. Donnelly G. Co., 8 Cir., 1941, 121 F.2d 561. See also Fujii v. Dulles, 9 Cir., 1955, 224 F.2d 906. "The fact that Rule 15(c) makes provision for the relation back of amendments to the date of the original pleading, can not be put forward as a ground for denying leave. If this were not so, a rule with regard to amendments, intended to operate remedially, would operate to destroy the privilege of amendment at its source." Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566, at page 568.

An amendment substituting parties should not, in every instance, be permitted to override a plea of the statute of limitations. An amendment which by substitution of parties sets up a new and distinct cause of action should be disallowed. However, the " 'cause of action' " is the wrong done, American Fire & Cas. Co. v. Finn, 1950, 341 U.S. 6, 13, 71 S.Ct. 534, 540, 95 L.Ed. 702; Friederichsen v. Renard, 1917, 247 U.S. 207, 210, 38 S.Ct. 450, 62 L.Ed. 1075; and the important part of the law is that which creates the right of action and not that which provides who may enforce it. Deupree v. Levinson, 6 Cir., 1950, 186 F.2d 297, 302. The primary function of the complaint is to notify the person against whom relief is sought of the claim or cause of action asserted; thus where the "defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist," New York Central & H. R. R. v. Kinney, 1922, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, and an amendment should be allowed.

In the case at bar, the defendant has had notice from the start that Domenic De Franco was seeking to recover on the partnership claim for tax refund. The partners should have brought suit rather than the individual member; but such requirement is an incidental provision of the law, distinct from the wrong done and the amendment adding the remaining partners is in no way prejudicial to the rights of the defendant. Notice to defendant of the claim asserted or the wrong done, as the paramount consideration in ruling on a motion to amend after the period for bringing a new and independent action has expired, is illustrated in numerous instances.

The plaintiff is generally permitted to change by amendment the theory or statute under which recovery is sought. See New York Cent. & H. R. R. v. Kinney, 1922, supra; Tiller v. Atlantic Coast Line, 1944, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465; Friederichsen v. Renard, 1917, supra; International Ladies Garment W. U. v. Donnelly G. Co., supra.

The federal courts have furthermore, with consistency, permitted amendments to correct the name of a party already in court with relationship back to the date of the original complaint, thereby circumventing a plea of the statute of limitations. Porter v. Theo J. Ely Mfg. Co., supra; Godfrey v. Eastern Gas & Fuel Ass'n, D.C.Mass.1947, 71 F.Supp. 175; Williams v. Pennsylvania R. Co., D.C. Del.1950, 91 F.Supp. 652; Sechrist v. Palshook, supra; it is however, the *effect* of the misnomer which is determinative, and where the intended defendant is not properly apprised of the claim against him the statute of limitations is held a valid defense. See Kerner v. Rackmill, D.C.Pa.1953, 111 F.Supp. 150.

To the same effect are those cases in which the plaintiff originally lacked capacity to sue or sued in his individual

rather than his representative capacity. The courts have in these cases been noticeably prone to allow an amendment setting forth the cause in plaintiff's proper capacity and relating such amendment back to the date of the original pleading. Missouri, Kansas & Texas R. Co. v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355; Lopez v. United States, 4 Cir., 1936, 82 F.2d 982; Levinson v. Deupree, supra; Owen v. Paramount Pictures, D.C.Cal.1941, 41 F.Supp. 557; United States v. Powell, 4 Cir., 1938, 93 F.2d 788. "These decisions are based upon the general proposition that in such cases the defect is purely formal or procedural, and that essential justice requires that liberal amendment be permitted. Numerous other decisions could be cited to the same effect, but it is sufficient to refer to 74 A.L.R. 1270, which states: 'While the cases are not in entire harmony, it is usually held that an amendment changing capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of limitations.' * * * The irregularity relates, the courts hold, not to the cause of action but to the method of enforcing it." Levinson v. Deupree, supra, 186 F. 2d at page 302.

There are also a number of decisions in which an actual substitution or addition of parties plaintiff has been permitted after the statutory period. In American Fidelity & Cas. Co. v. All-American Bus Lines, 10 Cir., 1951, 190 F.2d 234, the court permitted the substitution of insurer after the running of the statute, stating that the insured was only a nominal plaintiff, that the insurer was the real party in interest, and the substitution did not introduce a new or different cause of action. In United States v. Koike, supra, 164 F.2d at page 157, where nominal plaintiff originally had authority to sue but was later deprived thereof, the court said: "It is within the scope of this power to permit the substitution of a party for whose benefit an action was brought in place of the nominal plaintiff. This has been done both

where the nominal plaintiff was found to lack authority to sue, and where the statute of limitations would have barred the commencement of a new action by the real plaintiff." In Jacobs v. Penn. R. Co., D.C.Del.1934, 31 F.Supp. 595, action was brought by "Jacob Jacobs, administrator of Geraldine Jacobs, deceased." By Pennsylvania statute, the action should have been brought jointly in the names of both parents. An amendment was allowed making the other parent a party, the court stating that it "would not set up a new cause of action or change the legal theory of recovery in any particular. The defendant already has notice of all the pertinent facts as stated in the original declaration. Substituting both parents as parties plaintiff prevents a failure of justice and imposes no hardship upon defendant." 31 F.Supp. at page 596. See also McDonald v. State of Nebraska, 8 Cir., 1900, 101 F. 171; Weldon v. United States, 1 Cir., 1933, 65 F.2d 748; Kansas Electric Power Co. of Leavenworth, Kan. v. Janis, 10 Cir., 1952, 194 F.2d 942; Hoffman v. United States, D.C.N.Y. 1940, 32 F.Supp. 939.

In the case of substitution of parties plaintiff we have a situation where the original plaintiff had in fact no cause of action; however, since the defendant knew an attempt was being made to enforce a claim against him, the court permitted the amendment. Where the addition or substitution of party plaintiff introduces a new claim or sets out a different wrong done against defendant, we have a different matter. See Iocono v. Anastasio, D.C.N.Y.1940, 79 F.Supp. 378; Stafford v. Roadway Transit Co., 3 Cir., 1948, 165 F.2d 920. Likewise those cases involving the substitution of party defendant, after the period of limitations has expired, present an entirely different matter. Weldon v. United States, supra. In such cases, we have the problem of legal sufficiency of notice to the true defendant. Notice to a stranger is not notice to the defendant. See Ker-

ner **v.** Rockmill, D.C.Pa.1953, 111 F. Supp. 150; Sechrist v. Palshook, supra; Sanders v. Metzger, D.C.Pa.1946, 66 F. Supp. 262.

In the case at bar the adding of parties plaintiff did not set up a new claim against defendant; the wrong was the same. Defendant was aware from the first that De Franco sought to enforce particular tax refund claims, three of which, involving a major portion of the money in question, named all four partners as claimants. The amendment should, therefore, be allowed to stand.