**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC J. LINDSEY, DBA E-Jays Panache Images, E-Jays Panache Images, <br><br>       Plaintiff - Appellant, <br><br>   v. <br><br> STARWOOD HOTELS & RESORTS WORLDWIDE INC., DBA Westin & Westin Hotels, <br><br>       Defendant - Appellee. | No. 08-56147 <br><br> D.C. No. 2:02-cv-03822-GAF-FMO <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted October 5, 2010

Pasadena, California

Before:    CUDAHY,[**] Senior Circuit Judge and WARDLAW and W. FLETCHER, Circuit Judges,.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Eric Lindsey appeals the district court's order dismissing for lack of standing his claims alleging violations of 42 U.S.C. § 1981 and California's Unruh Civil Rights Act, Cal. Civ. Code § 51, and breach of contract. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

The district court correctly determined that Panache Images was a partnership as a matter of California law. *See* Cal. Corp. Code § 16202(a). Panache's members adopted bylaws, divided job responsibilities, exercised joint control of the business through a board of directors, and made common financial contributions to the enterprise. Lindsey signed the contract with Westin, but did so in his capacity as "director" on behalf of Panache; the only parties to the contract were Westin and Panache. The district court thus correctly concluded that Lindsey, who brought this action in his individual capacity, could not assert contractual claims belonging to the partnership. *See* Cal. Corp. Code §§ 16201, 16203, 16401(g); *Lewis v. Hayes*, 177 Cal. 587, 589-90 (1918); *Carnation Co. v. Olivet Egg Ranch*, 189 Cal. App. 3d 809, 821 n.19 (1986). *Cf. Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006) ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's.").

2

The district court erred, however, by treating Lindsey's lack of standing as a defect of Article III standing that deprived the court of subject matter jurisdiction. Whether a plaintiff possesses legally enforceable rights under a contract is a question on the merits rather than a question of constitutional standing. Such a plaintiff fails to state a claim on which relief can be granted. *Harris v. Amgen, Inc.*, 573 F.3d 728, 732 n.3 (9th Cir. 2009). *See also Domino's Pizza, Inc.*, 546 U.S. at 479 ("[W]e hold that a plaintiff cannot *state a claim* under § 1981 unless he has . . . rights under the . . . contract." (emphasis added)). Failure to state a claim is a defect that does not affect a court's jurisdiction under Article III. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). We therefore construe Starwood's motion to dismiss for lack of standing as a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), which the district court treated as a motion for summary judgment by considering matters outside the pleadings. Fed. R. Civ. P. 12(d). The district court's erroneous conclusion that it lacked subject matter jurisdiction does not affect the disposition of Starwood's motion, so construed. We may affirm on any ground supported by the record. *McCormick v. Adams*, No. 09-15546, 2010 U.S. App. LEXIS 18452, at *10 (9th Cir. Sept. 3, 2010). As we explain above, the record provides an ample basis for summary judgment in favor of Starwood on contractual claims brought by Lindsey in his individual capacity.

3

The district court relied solely on its mistaken Article III analysis to deny Lindsey's motion to substitute Panache as plaintiff. Following *Davis v. Yageo Corp.*, 481 F.3d 661, 678 (9th Cir. 2007), the court reasoned that Lindsey could not cure his lack of standing by invoking Fed. R. Civ. P. 17(a)(3). *Davis*, like the other substitution cases cited by the court, involved a plaintiff who lacked Article III standing because it had not suffered injury in fact. *See* 481 F.3d at 675. *See also, e.g.*, *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). Rule 17 is a proper procedural device to cure the failure to state a claim. The district court was free to consider Lindsey's motion to substitute Panache as plaintiff – or to allow amendment of Lindsey's complaint, *see* Fed. R. Civ. P. 15(a)(2) – free from any perceived jurisdictional bar. We therefore reverse the denial of Lindsey's Rule 17 motion and remand so that the district court may rule on this motion in the first instance.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.** Each side to bear its own costs.