John STOPPELMAN, et al., Plaintiffs,

v.

Charles R. OWENS, et al., Defendants.

Civ. A. No. 81–2637.

United States District Court,
District of Columbia.

May 23, 1983.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

This action involves alleged violations of federal securities laws in connection with the sale of partnership interests in a limited partnership entitled "Oil Well Equipment 1980." The case was tried in this Court in March and April of 1983. Defendants filed a pretrial motion for partial judgment on the pleadings. More specifically, Defendants moved for dismissal of the Second Amended Complaint in the above-captioned action for lack of subject matter jurisdiction over claims which they allege are barred by the statute of limitations. The Court reserved ruling on Defendants' motion until after trial in order that Plaintiffs might have a reasonable opportunity to respond adequately. The motion is now before the Court for disposition.

Rule 12(c) provides

[a]fter the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Both parties have presented matters outside the pleadings in support of or in opposition to this motion. The Court, therefore, will treat this Rule 12(c) motion as a motion for summary judgment as provided in Rule 56 of the Federal Rules of Civil Procedure.

### 12(1) Claims of the Additional Plaintiffs

■ The cause of action created by § 12(1) of the 1933 Securities Act, 15 U.S.C. § 77*l* (1), is governed by a one year statute of limitations. The Act provides that "no action shall be maintained ... if the action is to enforce liability created under § 12(1) of this title, unless brought within one year after the violation upon which it is based." 15 U.S.C. § 77m. The limited partnership subscriptions at issue in this case were accepted by the General Partner and promoter, Defendant Owens & Company, Inc. by letter from Defendant Charles R. Owens on July 31, 1980. For the purpose of computing the statute of limitations for the § 12(1) claims, the Court concludes that the date of the violation was July 31, 1980. The § 12(1) statute of limitations did not expire, therefore, until after July 31, 1981, one year after the date of violation. In this action, however, Defendants Charles Owens and Owens and Company entered into agreements with Plaintiffs to extend the § 12(1) statute of limitations to October 31, 1981. The § 12(2) statute of limitations was not extended by these agreements. In addition, Defendant Owens Equities Corporation was not a party to such agreements.

■ Plaintiffs Stoppelman and Cohen filed the Complaint in this action on October 30, 1981, one day prior to the expiration of the § 12(1) statute of limitations. The other Plaintiffs in this action were not parties to that complaint. On January 22, 1982, however, Plaintiffs Stoppelman and Cohen amended the complaint by adding the other limited partners as Plaintiffs in this action. Defendants contend that Rule 15(c) of the Federal Rules of Civil Procedure does not provide, as Plaintiffs contend, a method by which a plaintiff can "breathe life into an expired claim." Specifically, Defendants contend that on its face the relation back provision of Rule 15(c) does not cover the situation presented here, namely, where a barred plaintiff attempts to join, after the statute has expired, an action brought by other plaintiffs.

■ Rule 15(c) provides

whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Although Rule 15(c) only refers to an amendment "changing the party," the Court concludes that "the word 'changing' must be given a sensible and practical construction," *Meredith v. United Air Lines,* 41 F.R.D. 34, 39 (S.D.Cal.1966), and a party may be added when the requisite notice and identity of interests showings are made. 3 J. Moore, Moore's Federal Practice ¶ 15.-15[4.–2] (2d ed. 1982). Similarly, although Rule 15(c), on its face, only addresses "changing the party against whom a claim is asserted," it is clear that the rule is applicable to amendments substituting or changing plaintiffs as well.

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

Fed.R.Civ.P. 15(c) advisory committee note of 1966. In determining whether an amended complaint relates back to the original complaint, the crucial factor is whether the amended complaint arises out of the conduct, transaction or occurrence set forth in the original complaint. *Staren v. American National Bank & Trust Company of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976). The addition of parties after the statute of limitations has run is not significant when the amendment in "no way alters the known facts and issues on which the action is based." *Id.*

In the case at bar, the amended complaint of January 22, 1982 did no more than add additional Plaintiffs to this action. The additional Plaintiffs, like the original Plaintiffs Stoppelman and Cohen, are limited partners in Oil Well Equipment 1980. Their claims arise out of the same conduct, transaction, or occurrence alleged in the original complaint. This case is similar to, although not identical to, *DeFranco v. United States,* 18 F.R.D. 156 (S.D.Cal. 1955). Even though that case arose prior to the 1966 amendments to Rule 15(c), the principles set forth are pertinent to the issues in this action.

In *DeFranco,* several members of a partnership brought an action to recover taxes paid by the partnership. Such action was instituted within the applicable statute of limitations. Plaintiffs moved later to amend the complaint to make other partners Plaintiffs to the action. This occurred subsequent to the expiration of the statute of limitations. The Court noted initially the purpose of a complaint and the statute of limitations:

> The primary function of the complaint is to notify the person against whom relief is sought of the claim or cause of action asserted; thus where the defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist and an amendment should be allowed.

*DeFranco v. United States,* 18 F.R.D. at 160. The Court concluded that because the addition of the new plaintiffs did not set up a new claim against defendant, *i.e.,* the wrong was the same, and the defendant was aware from the beginning that the wrong that the original plaintiffs sought to enforce involved a wrong done to the partnership, the amendment and relation back should be permitted even though the applicable statute of limitations had expired. *Id.* at 162.

Defendants in this action received proper notice of the claims at issue when Plaintiffs Stoppelman and Cohen filed their complaint on October 30, 1981. The addition of the other Plaintiffs did not bring any new claims into the action. The purpose behind the statute of limitations, namely notice, is not defeated in this action by permitting the amended complaint to relate back to October 30, 1981. Because the Court can find no possible prejudice to Defendants by permitting the amendment to stand, the Court concludes that Defendants' motion for summary judgment is denied with respect to the 12(1) claims of the additional Plaintiffs.

*§ 12(1) Claims against Owens Equities Corporation*

Both parties to this action agree that Defendant Owens Equities Corporation was not a party to the agreement extending the § 12(1) statute of limitations to October 31, 1981. As discussed above, the § 12(1) statute of limitations as it applied to Defendant Owens Equities Corporation expired on July 31, 1981, one year after the date of violation. Because the complaint in this action was not filed until October 30, 1981, any 12(1) claims against Defendant Owens Equities Corporation are time barred. The Court concludes, therefore, that Defendants' motion for summary judgment is granted with respect to the § 12(1) claims against Defendant Owens Equities Corporation.

*§ 12(1) Claims of Stoppelman and Cohen*

■ Defendants also move the Court to dismiss the § 12(1) claims of Stoppelman and Cohen. Although it is undisputed that Plaintiffs Stoppelman and Cohen filed their complaint within the applicable statute of limitations as extended by agreement, Defendants contend that Plaintiffs failed to plead sufficient facts to demonstrate that the complaint was filed within the applicable statute of limitations. They allege that Plaintiffs failure to make a reference in their complaint to the extension agreements warrants dismissal of their § 12(1) claims because those missing allegations

are jurisdictional allegations without which this Court does not have jurisdiction.

The Court concludes that Defendants' motion for summary judgment with respect to the 12(1) claims of Plaintiffs Stoppelman and Cohen is without merit. Defendants have admitted that the agreements extending the § 12(1) statute of limitations were executed during July of 1981. The existence of that agreement, therefore, is not in dispute. It is also undisputed that the agreement extended the § 12(1) statute of limitations to October 31, 1981 and that Plaintiffs Stoppelman and Cohen filed their complaint within such limitation. Given these undisputed facts, there is no basis for the Court to dismiss the § 12(1) claims of Plaintiffs Stoppelman and Cohen on the basis of noncompliance with the statute of limitations.

*§ 12(2) Claims*

■ Claims brought under § 12(2) of the 1933 Securities Act, 15 U.S.C. § 77*l* (2), are governed by a one year statute of limitations. 15 U.S.C. § 77m. The one year statute, however, begins to run at different times with regard to § 12(1) and § 12(2) claims. The statute of limitations for § 12(1) claims begins to run from the date of the alleged violation, *i.e.*, the unregistered offer or sale, without regard to whether plaintiff knew of the violation. *Cook v. Avien, Inc.*, 573 F.2d 685, 691 (1st Cir. 1978). The one year statute of limitations for a § 12(2) claim, however, begins to run on the date of plaintiff's discovery of the alleged untrue statement or on the date plaintiff should have discovered the untrue statement by the exercise of reasonable diligence. 15 U.S.C. § 77m.

Defendants contend that the § 12(2) claims of all Plaintiffs should be dismissed because Plaintiffs have failed to plead and prove that they filed their § 12(2) claims within the applicable statute of limitations. They further contend that there are a number of alleged misrepresentations and that Plaintiffs have simply lumped all alleged misrepresentations together and state a time *by which* they were discovered (emphasis added). Defendants argue that this

is insufficient to demonstrate that Plaintiffs have complied with the § 12(2) statute of limitations.

■ According to Plaintiffs, the Court has jurisdiction over all the § 12(2) claims including those against Owens Equities Corporation. Plaintiffs allege that no violations were suspected until Plaintiff Stoppelman received the K–1 portion of his 1980 tax return on March 30, 1981. Plaintiffs further contend that based on that date, the earliest possible time at which the § 12(2) statute of limitations could have expired was March 30, 1982. The Court is persuaded by the argument of Plaintiffs. Because Plaintiffs Stoppelman and Cohen filed their complaint on October 30, 1981, long before the earliest possible 12(2) statute of limitations could have expired, there is no basis for dismissing their § 12(2) claims. Similarly, the § 12(2) claims of the additional Plaintiffs cannot be dismissed because such claims were instituted prior to March 30, 1982.

Finally, Defendants move the Court to dismiss the 12(2) claims against Owens Equities Corporation. The basis for that request is that the § 12(2) claims against this Defendant are time barred or in the alternative that Plaintiffs have failed to plead and prove facts sufficient to demonstrate compliance with the statute of limitations as it applies to this Defendant. As stated above, the earliest possible date on which the § 12(2) statute of limitations could have expired was March 30, 1982, one year from the earliest possible date that Plaintiff Stoppelman discovered an alleged untruth. Because the § 12(2) claims were filed against Defendant Owens Equities within this time period, the § 12(2) claims against Defendant Owens Equities Corporation cannot be dismissed. Furthermore, given the record that is before the Court, there is also no basis for dismissal of the § 12(2) claims on the ground that Plaintiffs have failed to plead and prove compliance with the statute of limitations.