**David H. FLECK, et al., Plaintiffs,**

v.

**CABLEVISION VII, INC., et al., Defendants.**

**Civ. No. 90–1041 SSH.**

United States District Court, District of Columbia.

Aug. 25, 1992.

---

Douglas V. Rigler, Whitman & Ransom, Herbert Esar Milstein, Cohen, Milstein, Hausfeld & Toll, Washington, D.C., for plaintiffs.

Mark Daniel Hopson, Sidley & Austin, Washington, D.C., for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court are two motions, plaintiffs' motion to amend the complaint a third time and defendants' motion for leave to amend their answer. Plaintiffs seek to add Catherine Warburton as a plaintiff. Defendants seek to add the statute of limitations as a defense to the second amended complaint. For the reasons stated below, the Court grants the plaintiffs' motion and denies defendants' motion.

## BACKGROUND

Plaintiffs David H. Fleck and Carol L. Couchenour were limited partners in Cablevision Associates VII (the Partnership), an Iowa limited partnership that acquired and operated cable television systems. They jointly owned five partnership interests that they inherited from their father, Harold J. Fleck, who purchased them during the initial limited partnership offering in 1983. Defendant Cablevision VII, Inc.

(general partner), a wholly-owned subsidiary of defendant Heritage Communications, was the general partner of the partnership. In 1987, Heritage merged with defendant Tele-Communications, Inc., and became its wholly-owned subsidiary. Heritage then began efforts to increase its direct ownership interest in cable systems owned by various subsidiary limited partnerships, including Cablevision. It decided in the case of the Cablevision partnership to purchase the limited partners' interests.

The general partner mailed a consent statement to all limited partners on November 21, 1988. The statement informed them of a special meeting to be held on December 12, 1988, and proposed amending the partnership agreement to permit the general partner to purchase the limited partners' interests.[1] Upon approval of the amendment, the limited partners would vote on the terms of the sale. The meeting was held on December 12, 1988. Approximately 97% of the limited partners' interests that voted, including proposed plaintiff Warburton, approved both the amendment and the transaction. Plaintiffs Fleck and Couchenour did not vote. The general partner paid the limited partners $4,232.47 per interest, a return in excess of 400% in five years on their original investment of $1,000.00 per interest.

Plaintiffs Fleck and Couchenour filed this suit, framed as a class action, against Cablevision, Heritage, and Tele-Communications, Inc., on May 3, 1990. Plaintiffs allege that defendants violated Sections 10(b), 14(a), 14(e), and 20(a) of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78j(b), § 78n(a, e) and § 78t(a), and Rules 10b–5 and 14a–9 promulgated by the Securities and Exchange Commission

---

**1.** The consent statement included 11 attachments, including the partnership agreement, an appraisal of the value of the systems by Malarkey–Taylor Associates, a fairness opinion letter from Shearson Lehman Hutton, Inc., opinions of legal counsel, and the partnership's most recent annual and quarterly reports. The cable systems were estimated to be worth $61,244,-200.00, and the proposal deducted from that amount the partnership's debts, adjustments to working capital, and the expenses of the sale, to reach the proposed price for the limited part-

ners' interests. The consent statement also contained disclosure provisions regarding the general partner's fiduciary duties to the limited partners, the conflicts of interest in the sale and the consequences of the sale to both the limited partners and the general partner. The general partner specifically disclosed that it had not solicited offers to purchase the systems and that structuring the sale as a tender offer might have produced a higher sale price for the limited partners.

(SEC). Plaintiffs also allege pendent state law claims for breach of fiduciary duty.

On April 10, 1991, this Court denied plaintiffs' motion for class certification on the grounds that the claims of plaintiffs Fleck and Couchenour were not typical of the claims of the class 763 F.Supp. 622. On July 5, 1991, plaintiffs filed a motion for leave to amend the complaint to add Warburton as a plaintiff. On July 23, 1991, they filed a renewed motion for class certification, based on the addition of Warburton. Defendants were granted leave to respond to the renewed motion for class certification after resolution of the motion to amend.

## DISCUSSION

*Plaintiffs' Motion To Amend the Complaint*

Plaintiffs Fleck and Couchenour seek to add Warburton, another limited partner in Cablevision Associates VII, as a plaintiff in this action. Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely granted when justice so requires." District courts are to allow an amendment unless there is a "clear and solid justification for denying it." *Monroe v. Williams,* 705 F.Supp. 621, 623 (D.D.C.1988). Defendants oppose the motion on grounds that the amendment would prove futile and it would be prejudicial. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962). The Court concludes the amendment is neither futile nor prejudicial.

Futility of Amendment

■ An amendment is futile if the complaint as amended would not survive a motion to dismiss. *See Monroe,* 705 F.Supp. at 623. Defendants contend that the amendment would be futile because the statute of limitations precludes Warburton's claim. The limitation period for claims brought before June 19, 1991, under § 10(b) of the Exchange Act, is the local jurisdiction's statute of limitations for secu-

rities claims as of that date.[2] On June 19, 1991, a two-year statute of limitations was in effect in the District of Columbia for securities claims. *See* D.C.Code § 2–2613(e); *Forrestal Village, Inc. v. Graham,* 551 F.2d 411, 413 (D.C.Cir.1977); *Fishman v. Estrin,* 501 F.Supp. 208, 210 (D.D.C.1980). Thus, a two-year statute of limitations applies to plaintiffs' claims under § 10(b).

■ The statute of limitations begins to run when a plaintiff discovers or should have discovered through the exercise of reasonable diligence, the fraudulent activity in question. *See, e.g., Wachovia Bank and Trust v. National Student Marketing Corp.,* 650 F.2d 342, 349 (D.C.Cir.1980), *cert. den.,* 452 U.S. 954, 101 S.Ct. 3098, 69 L.Ed.2d 965 (1981); *Cross v. Price Waterhouse & Co.,* Fed.Sec.L.Rep. (CCH) (¶ 99,-153, at 95,568) (D.D.C.1983). Knowledge of the fraudulent activity occurs when a plaintiff has knowledge of the facts that constitute the cause of action, not when he attains knowledge of the legal significance of those facts. *See Bergen v. Rothschild,* 648 F.Supp. 582, 585 (D.D.C.1986) (noting that knowledge of any fact that should cause suspicion is equivalent to actual knowledge of a claim); *Bender v. Rocky Mountain Drilling Assoc.,* 648 F.Supp. 330, 334 (D.D.C.1986) (finding that statute of limitations began to run for plaintiffs upon receipt of memorandum which they allege contained material omissions). However, the statute may be tolled if a plaintiff was unable to discover the fraud due to the defendant's concealment of the facts. *See Hobson v. Wilson,* 737 F.2d 1, 34 (D.C.Cir. 1984).

■ The consent statement was mailed to the limited partners on November 21, 1988. Plaintiffs do not state the date that they received the consent statement, but it is not contested that they received the statement and its attachments before December 12, 1988, the day of the partnership meeting. Plaintiffs Fleck and Couchenour contend that they had no knowledge of the

---

**2.** *See* Comprehensive Deposit Insurance Reform and Taxpayer Protection Act of 1991, § 476, sec. 27A(a) (passed during pendency of motions).

That statute of limitations applies to implied private causes of action under the Exchange Act.

material omissions in the consent statement until July, 1989. (Affidavit of David Fleck, ¶ 8, Affidavit of Carol Couchenour, ¶ 6.) Proposed plaintiff Warburton contends she was unaware of the omissions until April 1991. (Affidavit of Catherine Warburton, ¶ 7.) However, plaintiffs' receipt of the consent statement was sufficient to put them on notice of the alleged fraud.

This is not a case of fraudulent concealment which warrants tolling of the limitations period in order to allow plaintiffs time to uncover the deception. *Cf. Hobson,* 737 F.2d at 34 (permitting statute to be tolled where case involved a "self-concealing wrong"). Plaintiffs contend that defendants failed to include in the consent statement material facts such as the value of benefits inuring to defendants as a result of the sale. (Third Amended Complaint, ¶ 29(a)–(g).) Plaintiff Fleck states that he became aware of the material omissions and recognized the basis for a fraud claim only after his attorneys investigated the transaction. (Fleck Affidavit, ¶¶ 7–8.) Plaintiff Couchenour and proposed plaintiff Warburton state that they learned of the omissions after speaking to Fleck. (Couchenour Affidavit, ¶ 6, Warburton Affidavit, ¶ 7.) Those assertions are insufficient to warrant tolling the statute of limitations. The consent statement speaks for itself. Plaintiffs had in their possession the facts underlying their cause of action when they received the consent statement sometime before December 12, 1988. The plaintiffs' cause of action accrued, at the earliest on November 21, 1988, when the general partner mailed the consent statement. Therefore, the claim would have expired two years later, on November 21, 1991.

Plaintiffs Fleck and Couchenour filed their first complaint on May 4, 1990, within the two-year time limit.[3] The motion to amend the complaint to add Warburton's claim was not filed until July 5, 1991, but because Warburton seeks participation in the suit through an amended pleading, her claim relates back to the date of the original complaint.

An amendment relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R.Civ.P. 15(c)(2). Both the original complaint and the amended complaint allege fraud arising from the purchase of the limited partners' interests and focus on material omissions in the consent statement. Warburton's claim is identical in nature to the claim asserted by Fleck and Couchenour and arises out of the same transaction as the original complaint. Although the text of Rule 15(c) refers only to amendments that change the party against whom a claim is asserted, "it is clear that the rule is applicable to amendments substituting or changing plaintiffs as well." *Stoppelman v. Owens,* 580 F.Supp. 944, 946 (D.D.C. 1983). Courts have permitted such amendments because prejudice to the other party is less likely to result from the addition of a plaintiff than from an amendment changing or adding defendants or claims. *See* Advisory Committee Note to Rule 15(c) (1966).

The critical question is whether the party opposing the amendment had notice of the additional plaintiff and her claim. *See Leachman v. Beech Aircraft Corp.,* 694 F.2d 1301, 1308 (D.C.Cir.1982). A defendant has notice of the claims of an additional plaintiff if it is aware of the existence of the new plaintiff's claims and of the involvement of the new plaintiff in the original action. *Id.* at 1309. The filing of the original complaint was sufficient to provide defendants with notice of Warburton's potential claim. The original complaint alleges a harm to the partnership. The subject of plaintiffs' challenge is the consent

---

**3.** Defendants' argument that the claims of plaintiffs' Fleck and Couchenour are untimely is based on the Supreme Court's decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, —, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991), which established a one year from discovery, three years from date of transaction statute of limitations for federal securities violation claims. The Comprehensive Deposit and Insurance Reform Act, signed in December, 1991, supersedes the holding in *Lampf.*

statement which was mailed to all the limited partners and was used in the purchase of the limited partners' interests. *See Stoppelman,* 580 F.Supp. at 946 (permitting claims of additional plaintiffs to relate back where new plaintiffs were limited partners asserting same claims as original plaintiffs). Therefore, defendants had notice of Warburton's potential claim.

Defendants also had notice of Warburton's potential involvement in the litigation because the original complaint was instituted as a purported class action. The filing of the original complaint provided defendants with notice of the "the number and generic identities of the potential plaintiffs." *Haas v. Pittsburgh National Bank,* 526 F.2d 1083, 1097 (3d Cir.1975) (permitting claim of additional plaintiff to relate back to filing of original complaint when new plaintiff had been putative member of class denied certification). Since Fleck, Couchenour, and Warburton were all limited partners in Cablevision Associates, they share an adequate identity of interest to support a finding of notice. *Cf. Page v. Pension Benefit Guaranty Corp.,* 130 F.R.D. 510, 513 (D.D.C.1990) (failing to find an identity of interest between plaintiff and class members she sought to add through amendment where plaintiff's only connection with new claimants was coverage by the same federal statute). Therefore, Warburton's claim relates back to the filing of the original complaint and is not barred by the statute of limitations.

Prejudice

■■■ Defendants contend the addition of Warburton as a plaintiff at this stage of the lawsuit is prejudicial to them.[4] However, Warburton's claim does not differ substantively from the claims asserted in the original complaint. The addition of a claim "is not significant when the amendment in 'no way alters the known facts and issues on which the action is based.'" *Stoppelman,* 580 F.Supp. at 946 (quoting *Staren v.*

*American National Bank & Trust Company of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976)). "As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added and he should not be able to invoke a limitations defense." 6A Wright, Miller & Kane § 1501.

The addition of Warburton as a plaintiff may well entail some additional time and labor for defendants, but that does not constitute prejudice. *See Cross v. Price Waterhouse & Co.,* Fed.Sec.L.Rep. (CCH) (¶ 99,153, at 95,567) (D.D.C.1983). Because Warburton challenges the same transaction as the original plaintiffs, her addition as a plaintiff will not require extensive additional discovery. *Cf. Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.,* 810 F.2d 243 (D.C.Cir.1987) (affirming district court's refusal to allow amendment where plaintiff was attempting to raise entirely new issue six years after original complaint and after parties had conducted extensive discovery); *Doe v. McMillan,* 566 F.2d 713, 720 (D.C.Cir.1977) (affirming denial of leave to amend where party sought to change theory of case 38 months after suit filed).

Warburton's claim is not time-barred; therefore, plaintiffs' proposed amendment is not futile. Furthermore, the amendment will not prejudice defendants. Accordingly, the motion to amend is granted.

*Defendants' Motion for Leave To Amend*

■■■ Defendants have requested leave to amend their answer to the second amended complaint to include the statute of limitations as an affirmative defense. The Court denies this motion because the amendment would prove futile. Defendants indicate that they are asserting the statute of limitations defense against plaintiffs Fleck and Couchenour based on *Lampf, Pleva, Lip-*

---

4. Defendants contend that because plaintiffs offer no explanation for the delay in naming Warburton as a plaintiff, the amendment should be denied. But delay alone is not a basis for denying leave to amend, unless the defendant is prejudiced by the delay. *See Securities and Ex-* *change Commission v. National Student Marketing Corp.,* 73 F.R.D. 444, 447 (D.D.C.1977) (allowing amendment although plaintiffs had known of new facts for approximately four years because the material in the amendment was not surprising to defendants).

kind, *Prupis & Petigrow v. Gilbertson*, — U.S. ——, ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). *Lampf* established a one-year discovery/three-year transaction statute of limitations for federal securities claims. However, as defendants indicated in their motion to withdraw their motion for partial summary judgment, the *Lampf* decision was obviated by the passage of the Comprehensive Deposit Insurance Act. Defendants' amendment asserting the statute of limitations defense would prove futile, and thus is denied. *See Monroe*, 705 F.Supp. at 623.

## CONCLUSION

For the reasons stated, the Court finds the addition of a third plaintiff to this suit would not be futile nor prejudicial to the defendants and accordingly grants plaintiffs leave to file their amended complaint. The Court denies defendants' request for leave to amend their answer to include a statute of limitations defense because the amendment would prove futile.