David **FLECK**, et al., Plaintiff,

v.

**CABLEVISION VII, INC.,**
et al., Defendant.

**Civ. A. No. 90–1041 SSH.**

United States District Court, District of Columbia.

Nov. 27, 1992.

Scott A. Richie, Douglas V. Rigler, Bruno A. Ristau, Joel E. Lansing, Herbert E.

Milstein, Andrew N. Friedman, Gary E. Mason, Washington, DC, for plaintiff.

Carter G. Phillips, Mark D. Hopson, Nancy A. Temple, Sidly & Austin, Washington, DC, for defendant.

### MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court is plaintiffs' amended and renewed motion for class certification. For the reasons stated below, the Court denies plaintiffs' motion.

### Background

Plaintiffs Fleck, Couchenour, and Warburton were limited partners in Cablevision Associates VII, an Iowa limited partnership that acquired and operated cable television systems. Defendant Cablevision VII, Inc., a wholly-owned subsidiary of defendant Heritage Communications, was the general partner. Defendant Telecommunications, Inc., had merged with Heritage Communications in 1987.

This action arose out of defendants' purchase of Cablevision Associates VII in 1988.[1] On May 3, 1990, plaintiffs Fleck and Couchenour filed this suit, framed as a class action, alleging improprieties in connection with the purchase. Specifically, plaintiffs alleged that defendants violated Sections 10(b), 14(a), 14(e), and 20(a) of the Securities Exchange Act of 1934, and Rules 10b–5 and 14a–9 thereunder. Plaintiffs also alleged pendent state law claims for breach of fiduciary duty.

On April 10, 1991, this Court denied plaintiffs' motion for class certification on the grounds that their claims were not typical of the claims of the proposed class. On July 5, 1991, plaintiffs filed a motion for leave to amend the complaint to add Warburton as a plaintiff. On July 23, 1991, they filed a renewed motion for class certification, based on the addition of Warburton. This Court granted defendants leave to respond to the renewed motion for class certification after resolution of the motion to amend.

On August 25, 1992, this Court granted plaintiffs' motion for leave to amend the complaint to add Warburton as a plaintiff. 799 F.Supp. 187. In that Opinion, this Court found that although Warburton's securities claim was not filed within the applicable two-year statute of limitations, it related back to the date of the original complaint under Fed.R.Civ.P. 15(c), and thus was not barred by the statute of limitations. *See* Opinion of August 25, 1992, at 7–9. Although this Court allowed plaintiffs leave to amend the complaint to add Warburton's individual claims, it did not address whether Warburton's claim in her capacity as a potential class representative was time-barred. Rather, it specifically directed defendants to file a response to plaintiffs' renewed motion for class certification within 14 days of the Opinion. *See Order* of August 25, 1992.

### Discussion

This Court already has found that Warburton filed her claims after the two-year statute of limitations had run. *See* Opinion of August 25, 1992, at 6–7. Warburton's claim in her capacity as a proposed class representative would not be time-barred, however, if it relates back to the original complaint under Fed.R.Civ.P. 15(c). Nor would it be time-barred if the statute of limitations was tolled for her class claim during the pendency of the first petition for class certification.

■ The Court finds that the "relation back" rule of Fed.R.Civ.P. 15(c) does not govern the issue of whether a late claim properly can be pursued on behalf of a class under Fed.R.Civ.P. 23. Rule 15(c) states that:

> An amendment of a pleading relates back to the date of the original pleading when ...
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

Therefore, the Court does not address them here.

---

1. This Court detailed the facts of this case in its Opinions of April 10, 1991, and August 25, 1992.

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and ... the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Although this rule on its face addresses changing only the party "against whom a claim is asserted," it extends by analogy to amendments changing the plaintiff. *Stoppelman v. Owens*, 580 F.Supp. 944, 946 (D.D.C.1983) (citing Fed.R.Civ.P. Advisory Committee Note of 1966). No Court has extended this analogy further and applied the "relation back" doctrine to this circumstance, where a new potential class representative seeks to renew a motion for class certification after the court previously had denied a similar petition.[2] The Court declines to do so here.

▮ Thus plaintiff Warburton's class claims are not time-barred only if the filing of the original class action complaint tolled the limitations period for these subsequent claims. The Court finds that the limitations period was not tolled.

The Supreme Court has held that the pendency of a class action tolls the limitations period for a proposed class member's individual claim. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Absent tolling, prospective plaintiffs and potential class members would be forced to intervene or to bring their own individual suits in order to prevent a later time-bar. Thus tolling is necessary to foster judicial economy. *Crown, Cork*, 462 U.S. at 350, 103 S.Ct. at 2395–96. Equitable tolling is not, however, without its dangers. Justice Powell concurred in *Crown, Cork* to note that this rule "was a generous one, inviting abuse." *Id.* at 354, 103 S.Ct. at 2398 (Powell, J. concurring). Most courts have heeded Justice Powell's concern and have not extended equitable tolling to this situation where, after a first denial of class certification, a new class representative attempts to bring a subsequent class action.[3] *See, e.g., Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir.1987) (extension of tolling to class actions falls into "range of abusive options"); *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir.1987) (stating that *American Pipe* "certainly did not intend to afford plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints"); *Salazar–Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir.1985), *cert. denied*, 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986) (finding no authority for the contention that "putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely").[4] The Court finds these cases persuasive.

---

**2.** The cases cited by plaintiff as support for applying the "relation back" doctrine in this circumstance are unpersuasive. Although *Stoppelman* held that additional claims related back to the original complaint under Rule 15(c), that case involved the addition of individual, not class, claims. *Stoppelman v. Owens*, 580 F.Supp. 944 (D.D.C.1983). *Issen* applied Rule 15(c) in holding that the claims of additional class members were not time-barred. In that case, however, the court already had certified a class that included these same additional class members. *Issen v. GSC Enterprises, Inc.*, 538 F.Supp. 745, 749 (N.D.Ill.1982). *Haas* did not apply the "relation back" rule of Rule 15(c), but instead held that the statute of limitations had been tolled by the commencement of the original class action. *Haas v. Pittsburgh National Bank*, 526 F.2d 1083, 1098 (3d Cir.1975).

**3.** This situation is distinguishable from the situation in *Haas* where the court applied tolling to allow the amendment of additional class members after an initial grant of class action status. *Haas*, 526 F.2d at 1086.

**4.** Only one court has tolled the statute of limitations after a first denial of class certification to allow the intervention of a new potential class representative. In that case, the court had implied in its denial of class certification that the case would be most appropriately resolved as a class action. The court found that factor partic-

Plaintiffs attempt to distinguish these cases by arguing that the filing of a subsequent complaint is different from the addition of the proposed class representative through amendment to the original complaint. The Court finds this distinction too formalistic. The potential for abuse is the same whichever procedure is used to renew the motion for class certification through the use of a new class representative. Thus the Court holds that the filing of plaintiffs Fleck and Couchenour's original complaint did not toll the statute of limitations for Warburton's subsequent, untimely class claims. Accordingly, it hereby is

ORDERED, that plaintiffs' renewed motion for class certification is denied.

SO ORDERED.

ularly significant and, in granting the motion to intervene, emphasized that its holding was very narrow and was based on the particular facts and history of the case. *See Shields v. Washington Bancorporation,* No. 90–1101, 1992 WL 88004 (D.D.C. April 7, 1992). This court does not find that this case would be most appropriately resolved as a class action.