**FRED MEYER OF ALASKA, INC.,**
d/b/a Fred Meyer, Appellant,

v.

**Ronald ADAMS, as class representative,**
**Appellees.**

No. S–7836.

Supreme Court of Alaska.

Aug. 21, 1998.

---

James R. Dickens, Miller, Nash, Wiener, Hager & Carlsen, LLP, Seattle, and David C. Stewart, Gruenstein, Hickey & Stewart, Anchorage, for Appellant.

John E. Casperson and Michael M. Holmes, Faulkner, Banfield, Doogan & Holmes, Seattle, for Appellees.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH and BRYNER, JJ.

MATTHEWS, Chief Justice.

## I. INTRODUCTION

Ronald Adams brought a class action suit against Fred Meyer of Alaska, Inc., alleging violations of the Alaska Wage and Hour Act. The superior court denied Adams' initial motion to certify the classes. After conducting additional discovery, Adams again moved to certify the classes. The superior court granted certification, ruling that the classes included persons employed two years prior to the date of the class complaint and extending to the date of trial. Because we hold that the limitations period remained tolled from the date of the class complaint, we affirm the judgment of the superior court.

## II. FACTS AND PROCEEDINGS

On December 14, 1990, Ronald Adams filed a complaint against Fred Meyer, seeking overtime compensation. On January 23, 1991, Adams amended the complaint, adding Fred Thum as an additional plaintiff. Adams then filed a second amended complaint on March 11, 1991, adding a third plaintiff, Norman Ward. The second amended complaint alleged violations of the Alaska Wage and Hour Act (AWHA) [1] on behalf of Adams and three classes of individuals. Class A included all past and present employees who were not paid overtime; Class B included past and present employees who were not paid for hours worked "off the clock"; Class C included past employees who were not paid all compensation due within three days of termination.

Adams filed a motion to certify Classes A, B, and C on July 21, 1992. On October 1, 1992, Adams sought the court's permission to file a third amended complaint. Judge Karl S. Johnstone denied the motion to certify the classes, finding that Adams failed to establish sufficient common questions of fact under Civil Rule 23(a)(2) [2] and failed to comply with

---

1. The AWHA is located at AS 23.10.050–.150. AS 23.10.110(b) states in part:
 (b) An action to recover from the employer the wages and damages for which the employer is liable may be maintained in a competent court by an employee personally and for other employees similarly situated, or an employee may individually designate in writing an agent or representative to maintain an action for the employee.

2. Alaska Rule of Civil Procedure 23(a) provides:
 (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all

the requirements of Civil Rule 23(b)(1)(B).[3] Judge Johnstone granted Adams' motion to file a third amended complaint but prohibited Adams from relying on any of the allegations in the second amended complaint if he sought recertification. Adams moved for reconsideration. The next day, the action was transferred from Judge Johnstone to Judge Brian C. Shortell. Judge Johnstone, however, subsequently granted Adams' motion for reconsideration.

On February 12, 1993, Judge Shortell also denied the motion to certify but allowed Adams to reassert any allegations if Adams later renewed his motion to certify the classes. He stated:

> Having reviewed plaintiffs' "Motion for Certification of Classes A, B, & C" and all matters filed in support of and in opposition to that motion, the motion for certification is denied. However, because further discovery may reveal additional facts and issues supportive of class certification, plaintiffs' motion for certification is denied without prejudice.
>
> ... Furthermore in light of the possibility that further discovery may indicate that class certification is appropriate, plaintiffs may reassert in any third amended com-

plaint those certification reasons previously alleged in the second amended complaint.

In July 1994 Adams moved for certification of three reformulated classes, A, B, and D.[4] In addition to a memorandum of law, Adams filed depositions and affidavits to support the motion. Judge Shortell granted certification of Classes A and B but denied certification of Class D on December 6, 1994. Fred Meyer then requested Judge Shortell to limit Classes A and B to persons employed between December 6, 1992, and the date of trial. Judge Shortell instead ordered that the classes included individuals employed from March 11, 1989, to the date of trial.

Prior to trial, the parties unconditionally settled all individual and class claims except those of class members involving work performed before December 7, 1994. The remaining claims were settled, subject to Fred Meyer's right to appeal the statute of limitations issues.[5]

## III. DISCUSSION [6]

 The statute of limitations for claims brought under the Alaska Wage and Hour Act is two years.[7] Limitations periods are

---

3. Alaska Rule of Civil Procedure 23(b)(1)(B) provides:

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> (1) The prosecution of separate actions by or against individual members of the class would create a risk of
> ....
> (B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests....

4. Class A included all store department managers who were not paid overtime; Class B included all assistant managers who were not paid

members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

overtime; Class D included all salaried employees who were not paid overtime.

5. Under the terms of the settlement, Fred Meyer will pay $1,700,000 regardless of the outcome of this appeal and an additional $500,000 if it loses.

6. This appeal presents questions of law which we review de novo. *Jenkins v. Daniels*, 751 P.2d 19, 21 (Alaska 1988). It is our duty to adopt the most persuasive rule of law "in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979). We look upon the defense of statute of limitations with disfavor and will strain neither the law nor the facts in its aid. *Tipton v. ARCO Alaska, Inc.*, 922 P.2d 910, 912–13 (Alaska 1996); *Lee Houston & Assocs., Ltd. v. Racine*, 806 P.2d 848, 854–55 (Alaska 1991).

7. An action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under AS 23.10.050—23.10.150 is forever barred unless it is started within two years after the cause of action accrues. For the purposes of this section an action is considered to be started on the date when the complaint is filed.
AS 23.10.130.

subject to tolling under the rule announced in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). *American Pipe* held that the filing of a class action under Civil Rule 23 tolls the statute of limitations for all members of the putative class until the superior court determines that the suit is inappropriate for class action status. *Id.* at 552–53. After such a determination, class members may intervene in the pending action to preserve their rights. *Id.* In *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Court expanded the *American Pipe* doctrine, holding that after the class action is found to be inappropriate, class members may choose to either intervene or file individual lawsuits. We adopted the *American Pipe* rule "in light of the identity between our Civil Rule 23 and the corresponding federal rule." *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1041 (Alaska 1981).[8]

The *American Pipe* tolling rule represents a compromise between the competing goals of class actions and statutes of limitations. A class action is a "truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *American Pipe*, 414 U.S. at 550, 94 S.Ct. 756; *see also Nolan*, 627 P.2d at 1042. Class actions promote "efficiency and economy of litigation" and encourage members of the putative class to rely on the class representative to press their claims. *American Pipe*, 414 U.S. at 553, 94 S.Ct. 756; *Crown, Cork*, 462 U.S. at 352–53, 103 S.Ct. 2392. In the absence of tolling, these purposes would be frustrated because all class members would be required to intervene or file individual actions concurrently with the class action to preserve their rights. This would engender a "needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid." *Crown, Cork*, 462 U.S. at 351, 103 S.Ct. 2392.

Statutes of limitations, on the other hand, "encourage promptness in the prosecution of actions and thus avoid the injustice which may result from prosecution of stale claims." *Byrne v. Ogle*, 488 P.2d 716, 718 (Alaska 1971). Limitations periods not only provide defendants with notice of the nature of adverse claims brought against them within a reasonable time, but also bar plaintiffs who have slept on their rights. *See Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).

Tolling the limitations period during the pendency of a class action suit satisfies both the objectives of Rule 23 and statutes of limitations.

> [D]efendants [are notified] not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation....

*American Pipe*, 414 U.S. at 555, 94 S.Ct. 756. Thus, the rule preserves essential fairness, promotes judicial economy, and minimizes potential prejudice to the defendant.

 Fred Meyer concedes that the statute of limitations remained tolled during the pendency of the initial motion to certify the classes but argues that the tolling stopped after the superior court denied certification on February 12, 1993. Thus, in Fred Meyer's view, the superior court should have limited Classes A and B to persons employed from December 6, 1992 (two years prior to the date that the superior court granted certification), to the date of trial. Fred Meyer relies on cases holding that a plaintiff may not "piggyback" a subsequent class action onto a prior class action to avoid the bar of the statute of limitations.

Federal courts have uniformly held that plaintiffs may not take advantage of *American Pipe* tolling after certification has been denied by simply filing a new class action.

---

**8.** In *Nolan*, we resolved a conflict between the AWHA and class action tolling, concluding that in light of *American Pipe*, the statute of limita-

tions tolls for all putative members of the class, whether named or unnamed in the complaint. *Id.* at 1042.

The Second Circuit explained the rule against piggybacking in *Korwek v. Hunt*, 827 F.2d 874 (2d Cir.1987). In *Korwek*, the district court certified a narrower class than the plaintiffs requested and denied a second motion to certify a larger class on the grounds of unmanageability. *Id.* at 875–76. Unsuccessful intervenors in the first action promptly filed a new class action comprised of essentially identical claims and class members as the class in the original action. *Id.* at 876. The Second Circuit refused to countenance the plaintiffs' attempt to "reargue the question of class certification by filing new but repetitive complaints." *Id.* at 879. Since the district court had definitively determined that a larger class would be inappropriate, *Korwek* held that tolling would be "inimical to the purposes behind statutes of limitations and the class action procedure." *Id.* Other courts have also reached the same result.[9]

Fred Meyer further argues that a second lawsuit and a second attempt to certify the same class in the original lawsuit are indistinguishable for purposes of tolling, relying on *Fleck v. Cablevision VII, Inc.*, 807 F.Supp. 824 (D.D.C.1992). The *Fleck* court denied the initial motion for class certification because the plaintiffs' claims were not typical of the class claims. *Id.* at 825. The plaintiffs then amended the complaint to add a new representative plaintiff and brought another motion to certify the class. *Id.* By this time, the limitations period had run. *Id.* Observing that "[t]he potential for abuse remains the same whichever procedure is used to renew the motion for class certification through the use of a new class representative," *Fleck* found any distinction between the piggybacking cases merely "formalistic." *Id.* at 827.

Adams distinguishes *Fleck*, arguing that the plaintiffs in *Fleck* changed class representatives simply to get around the bar of the statute of limitations after certification was definitively denied. He points out that here, the superior court "expressly reserved the employees' right to move for certification again after further discovery. It did not

foreclose the possibility of proceeding as a class, as did the courts in the cases Fred Meyer cites." We agree.

This case fits squarely within the broad tolling doctrine enunciated in *American Pipe*. This is not an action where the superior court definitively denied certification as in *Korwek* and *Fleck*. Instead, Judge Shortell stated that "because further discovery may reveal additional facts and issues supportive of class certification, plaintiffs' motion for certification is denied without prejudice." This language conveys Judge Shortell's intent to allow further attempts to certify the classes. Moreover, Adams' second motion sought recertification of the classes based solely on the original class complaint. No subsequent class action complaint was filed in this case, as in *Korwek*. Rather, the class action proceedings were ongoing.

Tolling in this case furthers the objectives of *American Pipe*. The touchstones of the *American Pipe* doctrine are flexibility, efficiency, and notice. *Korwek*, 827 F.2d at 879. We agree with Adams that refusing to toll the limitations period in this case would "undermine the efficiency and economy of Rule 23." Had the limitations period restarted after the initial denial of certification, each class member would have been required to intervene or file separate actions after the initial denial of certification. This result is untenable where the order anticipates further discovery by the plaintiff in support of a renewed motion to certify. The class members were justified in relying on the class complaint since the class action had not been dismissed and the proceedings were ongoing. And because the superior court ultimately granted certification, it is clear that a class action suit was the most appropriate and efficient mechanism for resolution of the AWHA claims.

Further, it is undeniable that Fred Meyer had prior notice of the nature of the claims brought against it and the numbers and identities of potential claimants. In view of the

---

**9.** *See, e.g., Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir.1994); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir.1988); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir.1987); *Salazar–Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir.1985); *Smith v. Flagship Int'l*, 609 F.Supp. 58, 64 (N.D.Tex.1985); *Burns v. Ersek*, 591 F.Supp. 837, 840 (D.Minn.1984).

superior court's order, it was also aware that the court might grant certification at a later date. Both parties conducted additional discovery regarding the class claims between February 1993 and July 1994. Motions were submitted, depositions were taken, and discovery requests were traded. Consistent with his initial order tentatively denying certification, Judge Shortell eventually granted a subsequent motion to certify the classes. Adams supported the second motion with additional evidence obtained through ongoing discovery proceedings. In his order granting certification, Judge Shortell explained:

> The first time that class certification was requested in this case there was only a single plaintiff, Ronald Adams, and the only evidence that he presented in support of class certification was his own affidavit. Now, however, plaintiffs present the deposition testimony of Carl Wojciechowski, Fred Meyer's corporate director of employee relations; the deposition testimony of Ron Ellison, an employee of Fred Meyer for 17 years; the deposition testimony of Nancy Ellis, a manager at Fred Meyer; the statement of Robert Johnson, a human resources and management consultant; and the affidavits of seven Fred Meyer employees, which Mr. Johnson relied upon in forming his opinions regarding Fred Meyer.

Fred Meyer cannot complain that it lacked notice of the continuing nature of the class proceedings or that it was prejudiced by the later motion. If Fred Meyer was concerned with the length of the proceedings, its remedy was to move for dismissal of the class action.

Fred Meyer asserts that tolling the limitations period from the date of the class complaint would "defeat the essential purposes of the statute of limitation[s]: the foreclosure of claims based on stale evidence and ensuring the reasonable repose of defendants (i.e., the notion that, at some time, claims should be laid to rest)." Although we do not dismiss this concern lightly, class action tolling represents a compromise that strikes a balance between competing interests. In light of the unambiguous notice to Fred Meyer from both the superior court's order and the ongoing discovery proceedings, we find tolling appropriate in this case.[10]

## IV. CONCLUSION

In view of the principles enunciated in *American Pipe*, we hold that the statute of limitations remained tolled from the date of the second amended complaint. Thus, we AFFIRM the judgment of the superior court.

FABE, J., not participating.

---

10. We note that several courts have reached similar conclusions, allowing tolling from the date of the class complaint where certification was initially denied but eventually granted. *See In re Quarterdeck Office Sys., Inc. Sec. Litig.*, Fed. Sec. L. Rep. (CCH) ¶ 98,190, 1994 WL 374452, at *3–*5 (C.D.Cal.1994); *Shields v. Smith*, Fed. Sec. L. Rep. (CCH) ¶ 97,001, 1992 WL 295179, at *2–*3 (N.D.Cal.1992); *Shields v. Washington Bancorporation*, Fed. Sec. L. Rep. (CCH) ¶ 97,310, 1992 WL 88004, at *1–*3 (D.D.C.1992). These courts noted that tolling under these circumstances fulfills the goals of *American Pipe* and *Crown, Cork* by preventing superfluous motions and pleadings, ensuring that defendants have adequate and timely notice of the nature of the action, and allowing for the resolution of the claims through the most efficient mechanism. *See also Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1097 (3d Cir.1975) (allowing *American Pipe* tolling where new plaintiff added after limitations period but defendant had "notice within the statutory period of the substantial nature of the claims against which they would be required to defend and also 'the number and generic identities of the potential plaintiffs'"); *cf. Korwek*, 827 F.2d at 879 (noting that it did not reach whether tolling would be appropriate if plaintiffs subsequently filed proper subclass); *Schur v. Friedman & Shaftan, P.C.*, 123 F.R.D. 611, 613 (N.D.Cal. 1988) (allowing prior class action to toll second where defendant was dismissed from first action and thus no definitive determination of class certification was made as to that defendant).