KIMBALL, J.
concurring.
hi concur in the majority’s conclusion that Sarah’s claim should relate back to the timely-filed Petition for Damages filed by her mother and sister. I write separately to address the concerns regarding the necessity of a “pleading mistake” or “pleading error” raised by the various dissents. Neither the plain language of La. C.C.P. art. 1153 nor the Giroir decision suggest that a pleading mistake is required for an amendment that adds a plaintiff to relate back. Giroir v. S. La. Med. Center, 475 So.2d 1040 (La.1985).
At the time of the enactment of Article 1153, Federal Rule of Civil Procedure 15(c), upon which Article 1153 is based, Giroir, 475 So.2d at 1042, provided as follows:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
F.R.C.P. 15(c) (1959). Similarly, the text of Article 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date 12of filing the original pleading.
La. C.C.P. art. 1153 (2008). As evidenced by the text of the two provisions, the language of Article 1153 and F.R.C.P. 15(c) (1959) is substantially identical. Notably, *195 neither makes any mention of a pleading-mistake. In 1966, F.R.C.P. 15(c) was amended to add the following sentence after the above language:
An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merit s, and (2) knew or should have known that, but for a mistake concerning the identify of the proper party, the action would have been brought against him.
F.R.C.P. 15(c) (1966) (emphasis added).[1] The amendment notes to the 1966 amendment state that F.R.C.P. 15(c) was “amplified to state more clearly” that an amendment adding or substituting parties would relate back. F.R.C.P. 15(c), Advisory Committee Notes, 1966 Amendment. This language suggests that the original version of F.R.C.P. 15(c) (1959), upon which Article 1153 is based and to which Article 1153 is substantially identical, allowed the addition or substitution of parties, even though, like Article 1153, it did not expressly state that it did. This language alone appears sufficient to allow the relation back of an amendment adding a plaintiff. This conclusion is bolstered by the inclusion of the phrase “against whom a claim is asserted” in the second sentence of F.R.C.P. 15(c). This sentence specifically applies to defendants only, and, in so doing, requires that there be notice and a mistake concerning the identity of the proper party, in addition to satisfaction of the “foregoing provision.” In my view, the addition or substitution of defendants | Sis governed by both the first sentence (the “foregoing provision is satisfied”) and the second sentence (referring to parties “against whom a claim is asserted” only).[2] However, courts analyze the addition of a defendant differently from the addition of a claim or plaintiff. The plain language of F.R.C.P. 15(c) (1966) suggests that this is the case, and a review of federal jurisprudence shows that a pleading mistake is not required for the addition or substitution of plaintiffs. See, e.g., American Banker’s Ins. Co. of Florida v. Colorado Flying Academy, 93 F.R.D. 135 (D.Colo.1982) (allowing relation back of amendment adding plaintiff where there was no pleading error); Neufeld v. Neufeld, 910 F.Supp. 977 (S.D.N.Y.1996) (same); Andujar v. Rogowski, 113 F.R.D. 151 (S.D.N.Y.1986) (same); Stoppelman v. Owens, 580 F.Supp. 944 (D.C.D.C.1983) (“addition of parties after the statute of *196 limitations has run is not significant when the amendment in ‘no way alters the known facts and issues on which the action is based’ ”). Therefore, because Article 1153 is substantially identical to the original version' of F.R.C.P. 15(c) (1966), and makes no mention of a pleading mistake requirement, a pleading mistake is not required for the addition or substitution of a plaintiff.
|4The Giroir decision, the validity of which is not questioned in this case, supports this conclusion. The Ray and Giroir courts applied the same version of F.R.C.P. 15(c) as was in force in 1966, as cited above. See F.R.C.P. 15(c) (1966); F.R.C.P. 15(c) (1983); F.R.C.P. 15(c) (1985). The Ray decision, regarding adding or substituting defendants, specifically requires a mistake concerning the identity of the proper party defendant for an amendment to relate back. Ray, 434 So.2d at 1086.[3] The Giroir decision, on the other hand, specifically does not require a pleading mistake for the relation back of an amendment adding or substituting a plaintiff. Giroir, 475 So.2d at 1044.[4] Moreover, the Giroir court, looking to the same language as the Ray court, held that “[e]ssentially the same criteria established by Ray v. Alexandria Mall should be applied to determine whether an amended petition adding a plaintiff relates back.” Giroir, 475 So.2d at 1044. The factors are similar or “essentially the same,” but they are not identical. While the Giroir court modeled its factors for adding or substituting a plaintiff on those promulgated by the Ray court for adding or substituting a defendant, it chose not to duplicate them exactly. Specifically, the Raiy pleading mistake requirement was omitted in the Giroir factors for adding or substituting a plaintiff.
|r,For the foregoing reasons, it is my view that a pleading mistake is not required for an amendment adding or substituting a plaintiff to relate back to a timely pleading.

. This version is identical the versions referenced by both the Ray and Giroir courts in their 1983 and 1985 decisions. Ray v. Alexandria Mall, 434 So.2d 1083, 1085 (La. 1983); Giroir, 475 So.2d at 1043.

. The current version of F.R.C.P. 15(c) provides:
An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
(C)the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
(i) received such notice of the action that it will not be prejudiced in defending on the merit s; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
F.R.C.P. 15(c) (2008).

. The Ray court provided the following four criteria for the relation back of an amendment that adds or substitutes a defendant: (1) the amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2) the purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) the purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and (4) the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. Ray, 434 So.2d at 1086 (emphasis added).

. The Giroir court provided the following four criteria for the relation back of an amendment that adds or substitutes a plaintiff: (1) the amended claim must arise out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either must have known or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs must be sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant must not be prejudiced in preparing and conducting his defense. Giroir, 475 So.2d at 1044.